THE STATE ex rel. BIG BEND QUARRY COMPANY v. GUSTAVUS A. WURDEMAN, Judge of Circuit Court.

In Banc, July 3, 1925.

1. **DISMISSAL: In Vacation: Without Payment of Costs.** Plaintiff may dismiss his suit in vacation upon payment of costs; but an attempted dismissal at the noon hour during term time is not a dismissal in vacation, and without the payment of costs the statute (Sec. 1409, R. S. 1919) has no application to such an attempted dismissal.

2. ——: **Allowed by Court.** The statute (Sec. 1410, R. S. 1919) declaring that "the plaintiff shall be allowed to dismiss his suit or take a nonsuit at any time before the same is finally submitted to the jury, or to the court sitting as a jury, or to the court, and not afterwards" negatives the idea that the plaintiff may, on his own motion, dismiss the suit at any time and under all circumstances. The statute fixes a period in which the plaintiff "shall be allowed" to dismiss, which implies that such final disposition of the case must be by order of the court permitting such dismissal. An order of court is necessary in order that persons who will be affected by the dismissal may have an opportunity to object.

3. ——: **Filing Paper with Clerk: Objection.** The filing with the clerk, at a noon hour during term time, by the prosecuting attorney, of a paper properly entitled, in an injunction suit brought by him in the name of the State to abate a public nuisance, reciting that "this cause is dismissed by State," is not alone a dismissal, and cannot become a dismissal unless followed by an order of the court ordering the case dismissed. And particularly so, where on the same day other parties interested in suppressing the nuisance, by their attorneys, in open court object to the dismissal, and the court refuses to order a dismissal.

4. ——: **Injurious to Plaintiff: Right of Nominal Plaintiff: Public Nuisance.** The court may refuse to order a cause dismissed where such dismissal will injuriously affect any person in interest in the subject-matter of the suit, whether such person be a plaintiff or a defendant, or other person interested in the result. A nominal plaintiff who sues on behalf of others does not have an absolute right to dismiss the cause. Where the prosecuting attorney brought a suit in the name of the State to suppress a public nuisance, which it was alleged was maintained by defendant and injuriously affected a great number of persons, who employed attorneys, who drew up the petition, conducted the proceeding, managed the case, and the prosecuting attorney signed the petition because of a stat-ute requiring such proceeding to be brought in the name of the State, and was therefore acting in a strictly representative capacity and the State was only a nominal plaintiff, the court has authority, upon objection by the attorneys of said persons, to refuse to make an order dismissing the case, and without such order the case is not dismissed, although said attorneys were not attorneys of record in the case, and by the record the prosecuting attorney is the only attorney to be recognized as having authority in the case.

Corpus Juris-Cyc. References: Appeal and Error, 4 C. J., Section 2706, p. 762, n. 39 New. Dismissal and Nonsuit, 18 C. J., Section 5, p. 1148, n. 49; Section 7, p. 1149, n. 71, p. 1150, n. 72, 74, 75, 79; Section 31, p. 1159, n. 35.

Prohibition.

PRELIMINARY RULE DISCHARGED.

*Leahy, Saunders & Walther* for relator.

(1) By Sec. 738, R. S. 1919, it is provided that the prosecuting attorney "shall prosecute or defend, as the case may require, all civil suits in which the county is interested, represent generally the county in all matters of law," etc. Prosecuting attorneys are required to commence all civil actions in their respective counties in which the State may be concerned. State ex rel. v. Scale Co., 182 Mo. App. 658. (a) The right of a plaintiff to dismiss his suit or take a nonsuit before final submission is guaranteed by statute. Sec. 1410, 1409, R. S. 1919; Brandenberger v. Puller, 266 Mo. 534. (b) Plaintiffs who act in an official capacity for the public in bringing a suit . . . may discontinue such suit during the continuance of term of office. 18 C. J. p. 1152, sec. 11; Mears v. Boston, 5 Gray (Mass.) 371. (c) The prosecuting attorney has the power to dismiss any suit brought by him in behalf of the State as plaintiff. Ex parte Claunch, 71 Mo. 233; State v. Shain, 248 S. W. 593; Davis v. Hall, 90 Mo. 659. (d) In all proceedings which the prosecuting attorney is authorized to bring in his official capacity he is "clothed with such discretion as to authorize him to dismiss the proceeding if, in his judgment, such course was for the best interests of the public." State v. Shain, 248 S. W. 593. (2) The dismissal of an action ousts the court of its jurisdiction of the action dismissed, and no further proceedings can be had or judgment rendered by the court. 18 C. J. p. 1171, sec. 63, p. 1170, sec. 59; Chouteau v. Rowse, 90 Mo. 191; Mason v. Railroad, 226 Mo. 212; Davis v. Hall, 90 Mo. 659; Sere v. McGovern, 65 Cal. 244. (3) The filing by the prosecuting attorney of the memorandum of dismissal and the entry of the filing of the memorandum by the clerk constituted a discontinuance or dismissal of the suit, and the suit not

having been reinstated within the term of the court the dismissal is final. Unless a formal discontinuance, dismissal or nonsuit is required by statute it may be made in an informal manner. 18 C. J. p. 1166, sec. 50; First Natl. Bank v. Haire, 36 Iowa, 443; Davis v. Minney, 159 Pac. 1112.

*J. C. Kiskaddon* for respondent.

(1) A plaintiff in vacation of court may dismiss his case, provided he first pays all costs; at other times he "shall be allowed" to dismiss. R. S. 1919, secs. 1409, 1410. "Vacation" means "the period of time between the end of one term and the beginning of the next term." 11 Cyc. 737, note 96; Lumber Co. v. Keener, 217 Mo. 522. "To allow" means "to grant, to give, to permit." 2 Cyc. 134. There are two parties to the transaction, viz: the plaintiff and the court. The plaintiff's right to dismiss is not absolute. 1 Tidd's Prac. (3 Am. Ed.) pp. 679, 680; Boot Co. v. Deere, 41 Kan. 150; Oberlander v. Co., 39 Kan. 462; Allen v. Dodson, 39 Kan. 220; Wyman v. Howard, 9 Okla. 35; Annot v. Patterson, 10 N. Y. 500. And a paper filed by plaintiff's attorney dismissing the case does not dismiss it. Pringle v. Wallace, 85 Hun. (N. Y.) 279; Rachett v. Gee, 91 Cal. 355; Barnes v. Barnes, 95 Cal. 171; Jenny v. Glenn, 12 Vt. 480. It is within the wise discretion of the court to refuse to make the order. Brandenburger v. Puller, 266 Mo. 541; Keithly v. May, 29 Mo. 220; Browning v. Cressman, 30 Mo. 353; Allen v. Collier, 32 Mo. 507; Davis v. Carter, 67 Mo. 544; Wilder v. Boynton, 63 Barb. (N. Y.) 547; Schenkos v. Fancher, 14 How. Pr. (N. Y.) 95; Carleton v. Darcy, 75 N. Y. 375; Payton v. Sherburne, 15 R. I. 213; Lando v. Railroad, 81 Minn. 279; Bank v. McAllister, 6 Watt. & S. (Pa.) 147; Adger v. Pringle, 11 S. C. 547; State ex rel. v. Ludwig, 106 Wis. 226.

WHITE, J.—The relator filed a petition in this court seeking to prohibit respondent, Judge of the Circuit

Court of St. Louis County, from proceeding with an action wherein the State of Missouri was plaintiff, and the Big Bend Quarry Company, relator, was defendant. By stipulation filed in this court February 18, 1925, the service of preliminary rule in prohibition was waived, and respondent filed his return. Thereupon, March 24, 1925, the relator filed a motion for judgment on the pleadings on the ground that the return of respondent did not set up facts sufficient to show why an absolute rule of prohibition should not be entered against him.

The petition sets out that August 24, 1924, there was filed in the Circuit Court of St. Louis County, by Adam Henry Jones, prosecuting attorney of said county, a petition in the case of State of Missouri v. Big Bend Quarry Company, relator herein, wherein he charged relator with operating its quarry in the outskirts of the city of Maplewood in such manner as to constitute a public nuisance; that the defendant, relator here, after unsuccessfully demurring to the petition of the plaintiff, filed an answer.

The petition and answer in that case are set out in full. The answer, after a general denial, pleaded laches and a statute of limitations, and alleged further that the suit was not brought by the prosecuting attorney in good faith, but in truth was brought in his name for the benefit of certain private individuals who had entered a conspiracy to annoy and harass defendant in the conduct of its lawful business of quarrying limestone; that the persons engaged in the conspiracy employed as counsel a law firm, Ralph & Baxter, to institute an injunction suit to restrain the operation of the quarry for the reason that it constituted a public nuisance; that the facts alleged in the petition did not amount to a public nuisance.

The petition for a writ of prohibition then alleges that on December 31, 1924, at the September term of the Circuit Court of St. Louis County, Adam Henry Jones, prosecuting attorney, filed in said cause a writing, as follows:

"State of Missouri
      v.                    No. 44,813
"Big Bend Quarry Company,
    a Corp.                Dec. 31, 1924.

"Cause dismissed by State.

"ADAM HENRY JONES."

That said memorandum was filed with the clerk during the vacation of said court, and marked by said clerk, "Filed," and an entry of the filing of the same made upon the minute book of the court; that no motion to set aside the dismissal was filed, nor order setting it aside was made, during the September term, 1924, and said dismissal was therefore final.

The petition further alleges that after the dismissal and after the expiration of the term of office of Adam Henry Jones, as prosecuting attorney, Messrs. Ralph & Baxter, pretending to act on behalf of Frederick E. Mueller, who succeeded Adam Henry Jones as Prosecuting Attorney of St. Louis County, filed a motion to strike out parts of the answer of defendant in the injunction suit; that the respondent is threatening to hear and determine said motion and to proceed with the trial of the said suit; that the case having been dismissed, the judge of said court, respondent, is without jurisdiction to proceed with said cause; the petition therefore prays that he be prohibited from so proceeding.

The respondent's return admits substantially all the allegations of relator, and further says that the term of office of Adam Henry Jones as prosecuting attorney of said county ended December 31, 1924, and the term of Frederick E. Mueller, as prosecuting attorney of said county, began January 1, 1925; that Ralph & Baxter, practising attorneys at law, argued for the State the demurrer and motions, addressed to the pleadings, and that neither Adam Henry Jones nor any of the assistant prosecuting attorneys of said county appeared in said cause on the hearing of the demurrer or motions, but the State was solely represented by said Ralph & Baxter.

The return further says that December 31, 1924, the said circuit court was in session, and that during said noon recess, while respondent was not on the bench, Adam Henry Jones presented to the clerk of said court the memorandum of the dismissal set out in plaintiff's petition and requested said ·clerk to file the same; that said Adam Henry Jones did not ask leave of the court to file said paper, nor request said court while in session to make an order allowing him to dismiss said cause; nor did he pay nor tender payment of all costs accrued in said cause; that said clerk, without leave or order of the court received said paper, indorsed it as filed, and noted the fact of filing upon the rough minutes kept by the clerk; that afterwards, December 31, 1924, said court was adjourned to January 1, 1925, also a day of the said September term, 1924, of said court.

The return of respondent further says that on the same day, December 31, 1924, Ralph & Baxter objected to any order dismissing said suit, and stated as reasons for their objection that James McKelvey, representing over three hundred citizens, taxpayers and resident householders of the city of Maplewood and said county, sought the advice of Ralph & Baxter, and that Ralph & Baxter had advised them that the defendant, relator here, was committing a public nuisance, that the remedy would be to have the prosecuting attorney institute a suit in the name of the State to abate the nuisance, and that therefore said McKelvey retained Ralph & Baxter to do whatever was necessary to that end, and that Ralph & Baxter prepared the petition in the injunction suit and presented it to Adam Henry Jones with an oral statement of the facts as they had learned them from their client, and after filing the said petition neither said Jones nor any assistant prosecuting attorneys had anything to do with the cause; that the attempt to dismiss the suit by said Adam Henry Jones had been made without notice to Ralph & Baxter, who believed they could establish the allegations of the petition by sufficient and competent evidence.

The respondent then says the plaintiff should not be allow to dismiss the suit in term time on his own motion without order of court, nor in vacation without first paying the costs; that the filing of said paper by the said Jones and its reception by the clerk was not the dismissal of the case, but for the purpose of the case was *coram non judice* and void, and the respondent, believing and having good reason to believe that the statement of facts made by Ralph & Baxter to be true, and their proposition of law well taken, has not made an order dismissing said cause.

The question for determination is whether under the circumstances as stated in the respondent's return, Adam Henry Jones had a right to dismiss the injunction suit which he had filed against relator, without an order of court.

I. Relator plants its case upon the duty of the prosecuting attorney to prosecute and defend all cases and all civil suits in which the county is interested, and represent generally the county in all matters of law (Sec. 738, R. S. 1919), and upon the alleged right of a plaintiff to dismiss a suit at any time.

Order of
Court
Necessary.

A plaintiff has no absolute right, and under all circumstances, to dismiss a suit, either by the doctrine of common law or under the statute, without the sanction of the court. [18 C. J. 1148; Beaver v. Slane, 114 Atl. (Pa.) 509.]

Section 1409, Revised Statutes 1919, provides that the plaintiff may dismiss his suit in vacation on the payment of costs. It is alleged in the return that the plaintiff did not pay the costs. Further, it appears from the return that the attempted dismissal was not made in vacation, but during term time at the noon recess. [Lumber Co. v. Keener, 217 Mo. 530.] The statute applying to this proceeding therefore is Section 1410, Revised Statutes 1919, which is as follows:

"Sec. 1410. *Nonsuit, when taken.*—The plaintiff shall be allowed to dismiss his suit or take a nonsuit at

any time before the same is finally submitted to the jury, or to the court sitting as a jury, or to the court, and not afterward.''

This section negatives the idea that a plaintiff may on his own motion dismiss a suit at any time and under all circumstances, because it fixes a period in which a plaintiff ''shall be allowed'' to take a nonsuit. That implies that such final disposition of the case must be by order of the court permitting such dismissal, otherwise the word ''allowed'' would not be used. [18 C. J. 1149-1150; Frear v. Lewis, 195 N. Y. Supp. 3, l. c. 7.] It has been held that filing a statement that a case is dismissed is not of itself a dismissal; the court retains jurisdiction. [Barnes v. Barnes, 16 L. R. A. 660.] It has been held by the Kansas Supreme Court that a dismissal is a judgment and requires an order of court. [Boot & Shoe Co. v. Derse, 41 Kan. 150; Oberlander v. Confrey, 38 Kan. 462; Adger & Co. v. Pringle, 11 S. C. 527.] An order of court is necessary so that persons affected may have an opportunity to object. In the injunction suit, involved here, there was objection on the very day the memorandum was filed and the court refused to make the order. We must assume that the court fully considered the facts before it and thought there was sufficient reason for denying an order of dismissal. Under the weight of authority as cited above, there is no dismissal in term time until there is an order of court, and our statute contemplates that there shall be such order.

In the case of State ex rel. v. Anderson, 269 Mo. l. c. 385, this court said, in considering Section 1410, Revised Statutes 1919: ''We are of the opinion that the above section must be construed in the light of facts and circumstances existing, and must be modified, if need be, by a consideration of other well-settled principles of law.'' In that case the trial court allowed the dismissal of the suit and overruled a motion to re-instate, and by mandamus this court ordered the court to re-instate the case.

II.   This brings us to the question: Under what circumstances may a court refuse to order a dismissal at the instance of a plaintiff?

The relator admits that a dismissal may not be had or permitted by the court where it would injuriously affect a *defendant* in the case, but not otherwise. [Adderton v. Collier, 32 Mo. 507, l. c. 511; Keithley v. May, 29 Mo. 220, l. c. 222; State ex rel. v. Anderson, supra.]   Corpus Juris notes the doctrine (18 C. J. 1150, 1151, 1152), and points out that a plaintiff may not be allowed to dismiss his suit where such dismissal would injuriously affect anybody in interest in the subject-matter of the suit, whether such person be a plaintiff or a defendant, or other person interested in the result.

*Grounds for Refusal to Dismiss.*

One acting in a fiduciary capacity has no absolute right to dismiss his action; the board of directors of a corporation have no such right.   [National P. & P. Co. v. Rossman, 122 Miss. 355, Ann. Cases 1914 D, 830.] A nominal plaintiff who sues on behalf of others has no such right (Hanchett v. Ives, 133 Ill. 332); nor has a trustee (Burroughs v. Wellington, 211 Mass. 494).   A suit on behalf of taxpayers is the same (McAden v. Jenkins, 64 N. C. 796).   So of an action on a contractor's bond (Merchant's Natl. Bank v. United States, 214 Fed. 200).

A plaintiff cannot dismiss an action where it would defraud an attorney out of his compensation.   It seems that where a dismissal would injuriously affect persons interested directly or indirectly in a suit, it may not be dismissed as a matter of right.   [Kiser Co. v. Bonnett, 157 Ga. 555; Rohr v. Chicago, N. S. & M. R. R., 190 N. W. (Wis.) 827.]

The relator here asserts that there was an unlawful conspiracy to injure its business.   That was alleged in the answer of the defendants in the injunction suit, and was an issue to be tried there.   The return of the respondent is to the effect that a great number of persons are affected by the nuisance, which, it is alleged, is maintained by relator, and that those persons employed

an attorney, Ralph & Baxter, to proceed in suppression
of the nuisance; that Ralph & Baxter drew the petition,
conducted the proceeding, managed the case, and that
Adam Henry Jones, prosecutor, signed a petition because
of a statute requiring such proceedings to be brought in
the name of the State. Adam Henry Jones acted in a
strictly representative capacity, and the State of Mis-
souri, the nominal plaintiff, was the right party plain-
tiff because it was alleged to be a public nuisance; the
people affected by the public nuisance were the parties
interested in its abatement. The State represents all the
people, it is true, but it punishes crime and abates nui-
sances on behalf of the State when only a certain limited
number of persons are immediately affected by the crime,
or the nuisance. The question at issue before the cir-
cuit court was whether the defendant, relator here, was
maintaining a public nuisance. If it were not, relator
had a perfect remedy in defense of the action. If it was,
it was the proper function of the State to proceed to
judgment in the case.

The State may decline to prosecute such an action on
the ground that it is not a public nuisance and that pri-
vate persons only were interested. The prosecuting at-
torney, representing the State, had a right to request a
dismissal of the suit on that ground. The question is
whether the court had *jurisdiction to* refuse such dis-
missal. We think it had. Even if the court misjudged
the matter, and was in error in holding that it had a
right to deny an order of dismissal, the refusal was not
beyond the court's jurisdiction, and the attempted dis-
missal did not deprive it of jurisdiction to entertain the
cause.

It may be noted that while Ralph & Baxter managed
the injunction suit throughout, they were not attorneys
of record. So far as the record shows here their names
do not appear to any pleadings in the case, although they
were recognized by the court as conducting it. For our
purpose here we may say that Adam Henry Jones, being
attorney of record, is the only attorney to be recognized

State ex rel. Quarry Co. v. Wurdeman.

as having any authority in the case. On the last day of his term, when he knew his successor would be installed in office on the very next day, he attempted to dismiss a case which evidently he thought was meritorious, because he swore to the petition when he filed it, and he attempted to accomplish its dismissal without any explanation of a change in the situation. The court very naturally thought a matter of such importance ought to be retained on the docket until it could receive the consideration of Jones's successor. We think Judge Wurdeman had discretion to refuse to order such dismissal, and that a dismissal was not accomplished without such order.

Therefore, the preliminary rule in prohibition should be discharged. It is so ordered. All concur, except *Graves, C. J.,* who dissents; *Ragland, J.,* concurs in Paragraph I and in the result only.