STATE of Missouri, ex rel., CITY OF O'FALLON, Missouri, Respondent,

v.

COLLIER BUILDING CORP., et al. Appellants.

No. 50627.

Missouri Court of Appeals, Eastern District, Division One.

Nov. 4, 1986.

Application to Transfer Denied April 14, 1987.

Keith W. Hazelwood, St. Charles, for appellants.

James A. Borchers, St. Charles, for respondent.

KELLY, Presiding Judge.

On August 15, 1985, the City of O'Fallon filed a petition in quo warranto to challenge the proposed incorporation of the Town of Weldon Springs, Missouri.

On August 16, 1985, appellants filed their motion for permission to intervene in the quo warranto proceeding. The relator, the City of O'Fallon, filed a memo on August 22, 1985, dismissing its cause with prejudice and costs to the relator.

On September 3, 1985, the Circuit Court signed the dismissal memo, and immediately thereafter entered an order denying the motion of appellants for permission to intervene in the quo warranto proceeding. The court denied the motion to intervene on the grounds that the court no longer had jurisdiction following the dismissal by the parties.

The appellants contend the Circuit Court erred in ruling it had no jurisdiction to hear and determine the motion of appellants in that: (1) A voluntary dismissal does not deprive the trial court of jurisdiction when

there is a pending motion to intervene which includes a request for affirmative relief; and (2) that permission of the Attorney General is required before a private relator may dismiss a quo warranto action.

We affirm the judgment of the trial court.

Appellants contend that the trial court erred by not allowing appellants an opportunity to argue the merits of their motion to intervene, prior to the court dismissing their motion. We disagree.

■ Pleadings in quo warranto are governed by the rules of civil procedure. Sup. Ct.Rule 98.01. Once a plaintiff dismisses his action, the trial court loses all authority to act. *Samland v. J. White Transportation Co. Inc.*, 675 S.W.2d 92, 97 [4] (Mo. App.1984). The appellants' motion to intervene could not be heard after the relator dismissed its action, because the Circuit Court lost all jurisdiction and authority to act. Thus, the Circuit Court did not have the jurisdiction to consider the merits of appellants' motion to intervene. We find that the Circuit Court correctly denied appellants' motion to intervene, on the grounds that the court no longer had jurisdiction following the dismissal by the relator.

Appellants next argue that the Circuit Court erred by allowing the relator the absolute discretion to dismiss its petition in quo warranto. Appellants contend that permission of the attorney general is required before a private relator may dismiss a quo warranto action.

■ In the case at bar, the quo warranto proceeding was brought at the request of a private relator. The City of O'Fallon is a municipal corporate entity, and thus, is considered a private relator within the meaning of § 531.010 RSMo 1939. It is well-settled in Missouri, that it is proper for a municipality to be a relator in a quo warranto proceeding. *See State ex inf. Shartel, Atty. Gen., ex rel. City of Sikeston v. Missouri Utilities Co.*, 53 S.W.2d 394, 397 [3] (Mo. banc 1932); *State, on Inf. of Jones, Circuit Atty., ex rel. City of St. Louis v. Light & Development Co.*

*of St. Louis*, 246 Mo. 618, 152 S.W. 67, 70 [1] (1912); *State ex rel. Kansas City v. East Fifth St. Ry. Co. et al.*, 140 Mo. 539, 41 S.W. 955, 958 (1897). A private party can never proceed in a quo warranto suit in his own name without the interposition of a proper state official. *State ex rel. Black v. Taylor*, 208 Mo. 442, 106 S.W. 1023, 1026–27 [1] (1907). Here, the private relator obtained the attorney general's permission to initiate the quo warranto action.

■ Once the attorney general has given a private relator permission to file a petition in quo warranto, the private relator becomes the real party in interest and controls the proceeding. In the case at bar, the City of O'Fallon is the real party in interest, and it is the private relator who controls the actual prosecution of the case once it is filed—not the state. This suit was not maintained for the general public but for the private interest of the City of O'Fallon. Thus, the private relator controlled the litigation, and had the right to dismiss its action without leave of court.

■ Missouri Supreme Court Rule 67.01 provides in part that "[a] civil action may be dismissed by the plaintiff without prejudice without order of court any time prior to the introduction of evidence at the trial." When a plaintiff files his dismissal memorandum no action is required on the part of the trial court to make the dismissal effective. *Emigh Engineering Co., Inc. v. Rickhoff*, 605 S.W.2d 173, 174 [1] (Mo.App. 1980).

Appellants concede that ordinarily the parties to a civil action have an absolute right to dismiss their cause. However, appellants distinguish the case at bar, contending that the very nature of a quo warranto proceeding involves the interest of the general public. Appellants further contend that the court must consider not only the private relator's interest, but also the interest of the general public. Appellants conclude that the private relator should not have the absolute right to dismiss where such action would injuriously affect other interested parties.

Appellants rely on *State ex rel. Big Bend Quarry Company v. Wurdeman*, 309 Mo. 341, 274 S.W. 380 (1925). In *Wurdeman*, the action was actually brought by the prosecuting attorney on his own initiative and in his own official capacity, rather than at the request of a private relator. The prosecuting attorney proceeded in quo warranto *ex officio* on his own motion, and the action was taken solely in the interest of the public. The public was the real party in interest, and thus, the state was not allowed to voluntarily dismiss its suit, if dismissal would injuriously affect anyone with an interest in the suit.

 The case at bar is distinguishable from *Wurdeman*, as in the instant case, the quo warranto action was brought at the request and on behalf of a private relator. The private relator, the City of O'Fallon, became the real party in interest, despite the necessary involvement of the attorney general in instituting the suit. When an action is brought at the request and on behalf of a private relator, it is a statutory action in which the private relator, after the case has been filed, is the real party in interest. *State ex inf. Killam ex rel. Clare v. Consolidated School Dist. No. 1 of Lincoln County*, 277 Mo. 458, 209 S.W. 938, 941 [4] (1919). Thus, since the public is not the real party in interest, the permission of the attorney general was not required before the private relator could dismiss its cause of action.

Judgment affirmed.

STEPHAN and CRIST, JJ., concur.