Mildred B. DRYER, Plaintiff–Appellant,

v.

William KLINGHAMMER, Defendant–Respondent.

No. 60718.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 19, 1992.

Harry L. Ritchey, St. Charles, for plaintiff-appellant.

Evans & Dixon, Stefan J. Glynias, Gil Gherardini, St. Louis, for defendant-respondent.

CRANDALL, Judge.

Plaintiff, Mildred B. Dryer, appeals from the dismissal of her petition which sought removal of defendant, William Klinghammer, as a director of the Community Fire Protection District of St. Louis County. We affirm.

Plaintiff, as a resident and registered voter of the district, filed a petition under § 321.190 RSMo (1986) which provides, in pertinent part, "[t]he circuit court having jurisdiction over the district shall have power to remove [community fire protection district] directors or any of them for good cause shown upon a petition, notice and hearing." The petition alleged that on October 16, 1987, defendant seconded and later voted for a motion to hire James Kling-

hammer, defendant's nephew, as a probationary fire fighter. Plaintiff further alleged that defendant was guilty of nepotism, the penalty for which is forfeiture of his office. Mo. Const. Art. VII, § 6.

Defendant filed a motion to dismiss claiming that plaintiff lacked standing to bring the action. He argued that the proper method for removal of a director is an action in quo warranto under Chapter 531 RSMo (1986). The trial court granted defendant's motion.

The salient point on appeal is whether a plaintiff, individually, can bring an action to remove a defendant who allegedly forfeited his office. Plaintiff argues that § 321.190 creates a cause of action by which a director may be removed. Plaintiff also argues that, while § 321.190 does not expressly address the issue of standing, Chapter 321 which governs fire protection districts, suggests "great openness to voter participation." Therefore, plaintiff contends the legislative intent is to give the residents and voters of the district standing to bring an action to remove a director. We disagree.

Quo warranto is an appropriate remedy for enforcing a forfeiture resulting from violation of the Missouri constitutional ban on nepotism. *State Ex Inf. Roberts v. Buckley*, 533 S.W.2d 551, 553 (Mo. banc 1976). Originally a criminal action, quo warranto currently is a statutorily created civil action by which usurpers to any office or franchise may be challenged. *See generally* Note, *Quo Warranto in Missouri*, 1972 Wash.U.L.Q. 751 (1972). A private plaintiff may only prosecute an action in quo warranto after the prosecuting attorney or the attorney general files an information in quo warranto on his behalf. Section 531.010, RSMo (1986); *Boggess v. Pence*, 321 S.W.2d 667, 671 (Mo. banc 1959). The restriction on private plaintiffs is designed to prevent the harassment of public officials at the whim of private citizens. *State Ex Inf. Graham v. Hurley*, 540 S.W.2d 20, 23 (Mo. banc 1976).

Section 321.190 provides, *inter alia*, for circuit court jurisdiction and sets forth basic due process requirements. It does not directly, or by inference, create an action to remove a director or confer standing on plaintiff to bring an action individually. Quo warranto provides the appropriate mechanism for removal from office. Thus, Chapter 531 and Chapter 321 are not in conflict and both can be given full effect. *See State v. Crouch*, 316 S.W.2d 553 (Mo. 1958). Plaintiff does not have standing to pursue this action. The trial court did not err in granting defendant's motion to dismiss.

The order of the trial court is affirmed.

GRIMM, P.J., concurs in result only.

REINHARD, J., concurs.