STATE of Missouri ex rel. ST. CHARLES COUNTY COUNSELOR, Relator/Appellant,

v.

CITY OF O'FALLON, et al., Respondents.

No. ED 78930.

Missouri Court of Appeals, Eastern District, Division Three.

June 26, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 9, 2001.

Application for Transfer Denied Sept. 25, 2001.

Lisa Leslie, Joann Leykam, Office of the St. Charles Counselor, St. Charles, for appellant.

Robert M. Wohler, O'Fallon, Stephen A. Martin, Kathryn M. Koch, St. Louis, for respondent.

GARY M. GAERTNER, Sr., Presiding Judge.

Relator/Appellant, St. Charles County Counselor ("County"), appeals the judgment of the Circuit Court of St. Charles County dismissing its petition in Quo Warranto against respondents, City of O'Fallon, et al. ("City"). We reverse and remand.

In 1998, and thereafter, City passed municipal ordinances to annex certain parcels of property pursuant to the provisions of Section 71.014, RSMo 1994.[1] On September 27, 2000, County Counselor filed a petition in Quo Warranto in the Circuit Court alleging that six of City's municipal annexation ordinances are invalid because the statutory requirements of compactness and contiguity in Section 71.014 have not been fulfilled.

On September 27, 2000, a Preliminary Order in Quo Warranto was issued by the trial court. On October 26, 2000, City filed a motion to dismiss petition in Quo Warranto. City, among other things, asserted that Quo Warranto could only be commenced by the Attorney General or prosecuting attorney. After a hearing on November 17, 2000, the trial court entered a judgment and order dismissing County's petition in Quo Warranto. The court held that Section 10.603 of the County's Charter clearly prohibits County from intervening, or participating, in favor of or in opposition to any annexation of territory. County appeals.

In reviewing a court-tried case, we will sustain the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.banc 1976).

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

County raises three points on appeal. In its first point, County argues the trial court erred in dismissing its petition in Quo Warranto on the grounds that the Charter prohibits the County from intervening in an annexation. In its second point, County argues the trial court erred in dismissing its petition because a Charter may not constitutionally change the authority for annexation and a Charter provision cannot take away the inherent power of the right to challenge a legally insufficient annexation by Quo Warranto. In its final point, County argues the trial court erred in dismissing its petition because County is not intervening in an annexation when it brings an action in Quo Warranto.

Section 10.603 of the County's Charter provides: "[t]he county shall not intervene or otherwise participate, in favor of, or in opposition to, any annexation of territory to any city, town or village." In 1998, this Court concluded that County's petition for declaratory judgment and injunctive relief to prevent City from annexing certain property constituted an action to intervene in opposition to annexation. *St. Charles County v. City of O'Fallon*, 972 S.W.2d 327, 328 (Mo.App. E.D.1998). Thus, we held that County was barred by its Charter that prohibited County from intervening or participating in favor of or in opposition to any annexation of property. *Id.*

At the November 1998 general election, the voters of St. Charles County approved a charter revision to the County Charter. Article IV, Section 4.602.3 states: "the County Counselor shall have charge of and conduct all of the civil law business of the County, its departments, divisions, offices, officers, boards and commissions, including the authority to file an action in quo warranto." County argues that this Court's decision in 1998 does not bar it from bringing the current action because while it is

the real party in the declaratory action above, it is not the real party in interest in the current Quo Warranto action. County claims the real party in interest are the citizens of the State of Missouri. Thus, County argues that its Charter does not bar it from bringing the current action.

Before addressing the issue of whether the County's Charter prohibits it from bringing a petition in Quo Warranto to challenge an annexation, we must first decide whether the Quo Warranto petition was properly brought before the court. City argues the County Counselor does not have constitutional or statutory authority to bring a Quo Warranto action. We agree.

■ The power to determine whether or not a Quo Warranto proceeding shall be instituted is vested in the Attorney General or prosecuting attorneys by Section 531.010, and Supreme Court Rule 98.02. *See also State ex rel. Black v. Taylor et al.*, 208 Mo. 442, 106 S.W. 1023, 1025 (1907). The statute and the rule provide that the State Attorney General or the prosecuting attorney may be relators in Quo Warranto proceedings. Section 531.010 and Rule 98.02(b)(1)(2). This is a jurisdictional requirement. *See State ex inf. Voigts, etc. v. City of Pleasant Valley*, 453 S.W.2d 700, 703 (Mo.App.K.C.D.1970) (it is ineffectual to file an information in the nature of Quo Warranto if the information was not exhibited by the State Attorney General or county prosecuting attorney); and *State v. Mattingly*, 275 S.W.2d 34, 39 (Mo.App. Spfd.D.1955).

■ Furthermore, a private relator can never proceed in a Quo Warranto action in his or her own name without the interposition of a proper state official who exercises discretion in the public interest by lending his or her name to the proceedings. *State v. Twenty Second Judicial Circuit*, 864 S.W.2d 396, 398 (Mo.App.

E.D.1993); and *State ex rel. City of O'Fallon v. Collier,* 726 S.W.2d 339, 340 (Mo. App. E.D.1986). Also, a private relator may prosecute an action in Quo Warranto after the prosecuting attorney or the Attorney General files an information in Quo Warranto. *See* Section 531.010 and Rule 98.02(c). *See also Dryer v. Klinghammer,* 832 S.W.2d 3, 4 (Mo.App. E.D.1992). Municipalities and Commissioners may be private relators. *State ex rel. City of O'Fallon v. Collier,* 726 S.W.2d at 340 (City of O'Fallon considered a private relator); and *State ex rel. Crist v. Nationwide Fin. Corp.,* 588 S.W.2d 8, 12 (Mo.App. E.D. 1979) (Commissioner of Finance considered a private relator).

■ In the case at bar, the County Counselor, a private relator, brought the Quo Warranto action. Although, the County Counselor argues that it acted pursuant to the authority granted to it under the County's Charter, the Counselor was still required to comply with Rule 98.02 and Section 531.010, which govern proceedings in Quo Warranto. The rule and the statute specify that the relators in Quo Warranto proceedings may be the Attorney General or prosecuting attorneys. Private relators may only prosecute an action in Quo Warranto if the Attorney General or the prosecuting attorney authorizes the action. This is a jurisdictional requirement. The record is devoid of evidence which support that the current action was authorized either by the State Attorney General or the county prosecuting attorney. Thus, we conclude that the County Counselor in bringing the Quo Warranto action failed to meet the jurisdictional requirement.

Based on the foregoing, the judgment of the trial court is reversed. We remand the case to the trial court to quash the preliminary order in Quo Warranto for lack of jurisdiction.

LAWRENCE G. CRAHAN, J., and GEORGE W. DRAPER III, J., concur.