Yolonda Fountain HENDERSON,
Contestant/Appellant,

v.

Dennis J. MURRAY,
Contestee/Respondent.

No. ED 80738.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 25, 2002.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 3, 2002.

Elbert Walter Jr., St. Louis, for Appellant.

Kevin O'Keefe, Law firm of Curtis, Oetting, Heinz, Garrett & Soule, St. Louis, Jeffrey Hartnett, Law firm of Bartley, Goffstein, Bellato & Lang, St. Louis, for Respondent.

Before SHERRI B. SULLIVAN, P.J., LAWRENCE G. CRAHAN, J., and LAWRENCE E. MOONEY, J.

PER CURIAM.

*Introduction*

Yolonda Fountain Henderson (Appellant) appeals from the trial court's judg-

ment in favor of Dennis J. Murray (Respondent) on Appellant's Petition to Contest the Qualifications of Candidate for Jennings City Council. We affirm.

### Factual and Procedural Background

Appellant is a candidate for election to the City of Jennings City Council, Ward 1. Respondent is presently the City Councilman for Ward 1 of Jennings and has been since April 2000. Respondent is a candidate for reelection and hence is Appellant's opponent. The general municipal election is scheduled for April 2, 2002.

The City of Jennings is a third-class city in St. Louis County. Section 77.060 RSMo (2000) [1] provides the qualifications to hold the office of Councilman in a third-class city:

> No person shall be councilman unless he is at least twenty-one years of age prior to taking office, a citizen of the United States, *and an inhabitant of the city for one year next preceding his election, and a resident of the ward from which he is elected six months next preceding his election.* Whenever there is a tie in the election of a councilman, the matter shall be determined by the council.

(emphasis added). Appellant contends that Respondent has falsely alleged to be a resident of 2447 Hord, within Ward 1 of the City of Jennings, in order to be eligible for reelection. Appellant asserts that Respondent actually maintains his residence in Cuba, Missouri, after selling his former Jennings residence at 2422 Mary in Ward 1 sometime in December 2001, and thus he is ineligible for reelection as City Councilman. Appellant filed a petition to that effect with the trial court.

The trial court found that there was insufficient evidence that Respondent had acquired a new residence in Cuba or that

he intended to do so at the time the trial court issued its judgment. This appeal followed. Appellant presents one point on appeal.

### Standard of Review

■ In reviewing a court-tried case, we will sustain the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976), *State ex rel. St. Charles County Counselor v. City of O'Fallon*, 53 S.W.3d 211, 212 (Mo.App. E.D.2001).

### Point on Appeal

In her point on appeal, Appellant asserts that the trial court erred in finding that Respondent is currently a resident of the City of Jennings and that there was insufficient evidence that Respondent had acquired a new residence or that he intended to do so at the time the trial court entered its judgment. Appellant maintains that said judgment is against the weight of the evidence, erroneously declares the law, and erroneously applies the law, because Respondent, by his own testimony, makes his home with his wife in Cuba, Missouri, four days out of the week including the weekends, and his residence is wherever he regularly makes his home with his wife as a matter of law.

### Discussion

■ In support of her assertion that a person's residence is, as a matter of law, wherever he or she regularly makes his or her home with his or her spouse, Appellant cites *State ex rel. Inf. Reardon v. Mueller*, 388 S.W.2d 53 (Mo.App.1965) and *Fritz-*

---

**1.** All further statutory references are to RSMo (2000), unless otherwise indicated.

*shall v. Bd. of Police Comm'rs,* 886 S.W.2d 20 (Mo.App. W.D.1994). Neither of these cases supports Appellant's assertion.

In *Reardon,* the Court examined at length the meaning and interpretations of "home," in terms of legal residence. 388 S.W.2d at 57–62. The Court considered a variety of factors as well as the individual's testimony as to his intent. The Court acknowledged that:

> It has been said that the question of legal residence 'is often difficult to determine.' *In re Ozias' Estate,* 29 S.W.2d 240, 243 (Mo.App.1930); *State on Inf. of McKittrick v. Wiley,* 349 Mo. 239, 160 S.W.2d 677, 686 (1942). It will be found in every case, however, that the difficulty has arisen upon disputed facts, in the determination of which the credibility of the opposing witnesses has frequently been a factor.

*Id.* at 57.

The above quote is a brief excerpt from the Court's greater than five-page analysis of different factors that are relevant to determining an individual's residence. This excerpt by itself refutes Appellant's "matter of law" argument. However, we will acknowledge that the Court did give a significant amount of weight to the residence where the individual's family resided; nonetheless, it was certainly not the only factor that the Court considered. Additionally, in *Reardon,* it was no doubt significant that the residence where the individual's family resided was also the residence where the individual resided evenings and Sundays. 388 S.W.2d at 58.

In *Fritzshall,* the Court considered a myriad of factors in determining whether a police officer's residence was at his aunt and uncle's home or at his wife's home. *See* 886 S.W.2d at 23–28. Again, the Court's consideration spanned five pages. Only one of the considerations, although fairly significant, was where the police offi-

cer's family resided. *Id.* at 26. However, again, it was only one of many considerations and was not the decisive factor, and certainly not determinative as a matter of law.

In the instant case, the trial court relied on *State ex rel. King v. Walsh,* 484 S.W.2d 641 (Mo.banc 1972). Appellant insists that this case was the wrong case on which to rely. We disagree. In *King,* the Missouri Supreme Court applied much the same analysis as the Court of Appeals did in *Reardon.* In fact, the *King* Court quotes the *Reardon* Court in its discussion of domicile. *King,* 484 S.W.2d at 654. In *Fritzshall,* the Western District quotes significantly from *King. See Fritzshall,* 886 S.W.2d at 26. The *King* Court also quotes from *In re Ozias' Estate,* 29 S.W.2d 240 (Mo.App.1930) and *State on Inf. of McKittrick v. Wiley,* 349 Mo. 239, 160 S.W.2d 677 (1942), both of which are cited by *Fritzshall.* All of these cases apply the same concepts and analyses of legal residence, only to differing sets of facts. Therefore, none of these cases is right or wrong in its application to the facts of the instant case. Accordingly, we find that the trial court did not erroneously declare or apply the law.

■ We also find that the trial court's decision was supported by substantial evidence. The trial court made the following findings in reaching its decision. There was credible evidence that Respondent and his wife sold their home at 2422 Mary on December 6, 2001. Change of address forms put into effect that same month indicate a new address for the couple at their lakefront home in Cuba, Missouri, which they have owned since 1999. On December 18, 2001, Respondent filed for reelection, listing a new address at 2447 Hord in Ward 1 in Jennings. Respondent also changed his voter registration to that

address. Respondent testified that the home on Hord belongs to a friend who was renting a room to Respondent, although no money had yet been exchanged between them. Respondent obtained an occupancy permit from the City of Jennings for the house on Hord. In mid-January 2002, Respondent's old telephone number was installed at the Hord address. Respondent was also receiving mail at that address. Respondent testified that he was staying at the home on Hord three to four .days each week but spending most weekends with his wife at their Cuba residence.[2] Respondent also testified that he and his wife were having marital difficulties, and it was his intent to reside permanently in Ward 1 in the City of Jennings. Respondent and his wife paid their personal property and real estate taxes through the year 2001 as residents of Jennings.

██ The case law makes it evident that all of these factual findings are relevant when attempting to determine one's legal residence. Respondent's testimony as to his intent is also relevant. However, only the trial court determines what portions of a witness's testimony to believe or disbelieve. *In re G.P.C.*, 28 S.W.3d 357, 366 (Mo.App. E.D.2000). Accordingly, we will not disturb the trial court's findings on Respondent's credibility and believability in terms of his intent to remain in Jennings. Even if the evidence could have supported another conclusion, deference must be given to the trial court's decision under this standard of review. *Id.* Fortunately, we do not have to consider whether the evidence could have supported another conclusion in this case, because the factual findings of the trial court support Respondent's stated intention and not some other conclusion. *See Reardon*, 388 S.W.2d at 57. For these reasons, we find the trial

court's judgment is supported by substantial evidence.

### Conclusion

The trial court did not erroneously declare or apply the law, and its judgment is supported by substantial evidence. Accordingly, Appellant's point on appeal is denied. The judgment of the trial court is affirmed.

---

2. *Compare Reardon*, 388 S.W.2d at 58 (evenings and Sundays).