**INTER CITY FIRE PROTECTION DISTRICT, Appellant,**

v.

**Danny DEPUNG, Respondent.**

**No. WD 69822.**

Missouri Court of Appeals,
Western District.

April 7, 2009.

William P. Cronan, II, Esq., Rocheport, MO, for appellant.

Danny DePung, pro se, for respondent.

Before DIV I: ALOK AHUJA, Presiding Judge, HAROLD L. LOWENSTEIN, Judge and THOMAS H. NEWTON, Chief Judge.

HAROLD L. LOWENSTEIN, Judge.

The only issue raised in this appeal is whether the circuit court has subject matter jurisdiction to hear a petition brought on behalf of a fire protection district on a vote of two of the three directors, pursuant to Section 321.190,[1] to remove one of its directors. The trial court dismissed the petition for lack of subject matter jurisdiction, holding that the only mechanism by which an elected director could be removed was via an action by *quo warranto*. This court concludes that the statutory language of Section 321.190 confers the authority on the directors of a fire protection district to file a petition seeking re-

1. All statutory references are to RSMo 2000 unless otherwise specified.

moval of one of its directors and confers jurisdiction on the circuit court to entertain that petition, and, for good cause shown, remove the director. The judgment of the trial court dismissing the petition of the Inter City Fire Protection District is reversed and the case remanded for further proceedings on the petition.

The Inter–City Fire Protection District ("the District") serves approximately 700 residents in a one square mile area wedged between Independence and Kansas City, popularly known as Blue Summit. The District is governed by a board of three directors, elected by the residents of the District.

In October 2007, the District passed a resolution that empowered the District to file a petition in the circuit court seeking, pursuant to Section 321.190, to remove one of its three elected directors, Danny De-Pung, the respondent. Section 321.190 provides that "[t]he circuit court having jurisdiction over the district shall have power to remove directors or any of them for good cause shown upon a petition, notice and hearing." The petition asserted, as good cause, that DePung "behaves in an irrational manner" and "procured his election by fraud." The District requested that the court order that DePung be removed from office or supervised in the conduct of his office.

DePung, *pro se*, filed a motion to dismiss. The trial court, noting that the motion raised issues not in the record, treated the motion as one for summary judgment and subsequently denied the motion for improper form. The court subsequently dismissed the petition citing *Dryer v. Klinghammer*, 832 S.W.2d 3 (Mo.App.1992), for the proposition that Section 321.190 did not create a private right of action and the removal of a director of a fire district could only be achieved through a *quo warranto* action under Section 531.010, and, therefore, the circuit court did not have subject matter jurisdiction to hear the petition. This appeal followed.

■ The issue squarely before this court is whether Section 321.190 permits a fire protection district to remove a director through petition to circuit court. On its face, the statute appears to create such an action, stating: "The circuit court having jurisdiction over the district shall have the power to remove directors or any of them for good cause shown upon a petition, notice and hearing."

In the only appellate case addressing Section 321.190, the eastern district of this court discussed "whether a plaintiff, *individually*, can bring an action to remove a defendant who allegedly forfeited office" under the statute. *Dryer*, 832 S.W.2d at 4 (emphasis added). The plaintiff, asserting taxpayer standing as a resident and registered voter of the fire protection district, brought a petition seeking the removal of a fire protection district director. *Id.* at 3. The eastern district concluded that the statute did not create a private right of action, holding that the statute "does not directly, or by inference, create an action to remove a director or confer standing on plaintiff to bring an action individually." *Id.* at 4.

The circuit court applied the *Dryer* case as authority that a removal petition cannot be brought by a fire district. The District argues that this application was overbroad and in error, asserting that the statute provides the fire protection district a mechanism to remove a director for misfeasance, similar to an impeachment action in a legislative body, upon petition, notice and hearing. The District asserts that the trial court's overbroad application of dicta in *Dryer* essentially abrogates the ability of a majority of the board of a fire protection district to petition to remove one of its

directors pursuant to Section 321.190. The District asserts that it has standing under the statute, and the trial court's dismissal, in effect, suggested that the District has no more power to remove a director than a citizen asserting tax payer status by *quo warranto* pursuant to Section 531.010.

■ "The fundamental rule of statutory interpretation is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning." *State ex rel. Doe Run Co. v. Brown,* 918 S.W.2d 303, 306 (Mo.App.1996). In interpreting the statute, this court presumes that the legislature does not enact meaningless provisions. *Mid–Am. Dairymen, Inc. v. Payne,* 990 S.W.2d 648, 654 (Mo.App.1999).

Because extending the eastern district's holding in *Dryer* to the facts in this case would render the provisions of Section 321.190 meaningless, this court declines to extend *Dryer*. *Dryer* correctly held to citizens, claiming tax payer status, cannot sue under 321.190 but ought not be read to encompass circumstances where a fire protection district itself petitions the circuit court to remove one of its directors. In enacting Section 321.190, the legislature sought to provide the fire protection districts a mechanism by which the district can remove a director while ensuring that due process protections of notice and hearing are in place. That the legislature employs identical language related to the removal of a public water district director in Section 247.410 bolsters this court's conclusion that the legislature specifically intended to provide a mechanism to the governing board of fire protection and water districts for removal of its directors for good cause shown.

By specific statutory language, the legislature gave the circuit court having jurisdiction over the district the power to hear the petition, conduct a hearing, and for good cause shown, to remove the director. That this power is limited to the fire protection district governing body is consistent with the reasoning of *Dryer*. Any other analysis would render this specific language meaningless and would effectively thwart any effort to remove, for cause, a director without relying on the local prosecutor or the attorney general to file the petition. The failsafe here is that a frivolous or harassing effort to expel a fellow director will be put to the test by a hearing before the court. A contrary view could leave problems in the maintenance of fire protection service unresolved and the citizens of that district in jeopardy. Accordingly, this court holds that the circuit court has jurisdiction to hear and rule on the petition brought by the district.

The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings upon the petition.

All Concur.