Robert LEE, Relator,

v.

Honorable Michael JAMISON, Circuit Court, St. Louis, County, Respondent.

No. ED 96285.

Missouri Court of Appeals,
Eastern District,
Writ Division Five.

March 29, 2011.

Neil J. Bruntrager, St. Louis, MO, for Relator.

Rusus J. Tate, Jr., Clayton, MO, Anthony D. Gray, St. Louis, MO, for respondent.

KENNETH M. ROMINES, Presiding Judge.

Relator Robert Lee filed a petition for a writ of prohibition to require the respondent judge to grant his Motion to Dismiss in Cause No. 10SL–CC02464, a Petition for Removal allegedly brought against him by the Northeast Ambulance and Fire Protection District. Because we find the judge exceeded his jurisdiction in denying the motion as the petition was not duly authorized, the writ is granted.

*Facts*

As of 2 July 2009, Robert Lee was serving as a duly-elected director on the Board of the Northeast Ambulance and Fire Protection District (District) in St. Louis County, Missouri. The District is a political subdivision of the State of Missouri, created and controlled by Chapter 321 of the Revised Statutes of the State of Missouri. On 2 July 2009, the Board passed a resolution purporting to remove Lee as a director. Lee filed for a writ of prohibition, alleging that the means used to remove him were illegal. *Robert Lee v. Joseph Washington, et. al,* Cause No. 09SL–CC05076. The circuit court granted the writ and ordered the District to reinstate Lee, but stayed its order pursuant to the disposition of the then-pending petition for removal, allegedly filed by the District to remove Lee from the Board.

Lee filed a motion to dismiss this petition pursuant to Rule 55.27, arguing that the purported plaintiff and the undersigned attorney lacked the authority and capacity to bring the petition because the Board never voted to pursue such action nor signed a written contract with any attorney for the prosecution of such a suit against him. At the evidentiary hearing on the motion, Lee presented uncontroverted evidence in the form of testimony of two of the Board's directors, Bridget Quinlisk Daily and Derrick Mays, that the Board had not contracted with any attorney, never authorized or passed a resolution to institute a suit for removal of Lee, and never agreed to authorize attorney Rufus Tate, Jr., to bring such a suit. The circuit court, the Honorable Michael Jamison, presiding, entered an order denying Lee's Motion but granted him leave to file a petition for a writ of prohibition.

*Analysis*

"A writ of prohibition is the proper remedy to prevent a lower court from acting beyond its jurisdiction." *State ex rel. Griffin v. Belt,* 941 S.W.2d 570, 572 (Mo.App. W.D.1997). While it is unusual to issue a writ directing a court to grant a motion to dismiss, such a writ is appropriate where the motion should have been granted because the other party lacks standing or capacity to sue. *Id.* This is because "[s]uch a lack is jurisdictional

rather than procedural, and precludes suit." *Id.*

The lower court lacked jurisdiction to hear this case because it was filed without proper authority. A director serving on the board of a fire protection district may be removed by one of two mechanisms. *Inter City Fire Protection Dist. v. De-Pung,* 283 S.W.3d 277, 277–78 (Mo.App. W.D.2009). He may be removed via an action by *quo warranto* or by the circuit court for good cause shown upon a petition, notice and hearing. Section 321.190 [1]; *DePung,* 283 S.W.3d 277–78. A petition to the circuit court to remove a director serving on the board of a fire protection district must be authorized by the majority of the members of the district's Board. *See DePung,* 283 S.W.3d at 278–79. There was uncontroverted testimony from two directors, a majority of the three-member Board, that the Board never agreed to authorize a suit for removal of Director Lee. Accordingly, the purported plaintiff lacked standing to sue.

The preliminary writ of prohibition is made permanent and Respondent is ordered to dismiss Cause No. 10SL-CC02464 after considering any request for attorney fees by Relator Lee.

SO ORDERED.

ROY L. RICHTER, C.J., and GLENN A. NORTON, J., concur.

---

1. All statutory references are to RSMo 2010 unless otherwise specified.