Mrs. Mary DYE (Plaintiff), Appellant-Respondent,

v.

Louis A. GEIER (Defendant), Appellant-Respondent.

Nos. 48123, 48205.

Supreme Court of Missouri, Division No. 1.

April 10, 1961.

Joseph B. Bott, Roger J. Barbieri, Kansas City, for plaintiff-appellant.

Thomas E. Deacy, Thomas E. Deacy, Jr., Joseph A. Sherman, Deacy & Deacy, Kansas City, for defendant-appellant.

HOLMAN, Commissioner.

In Count I of her petition plaintiff sought to recover damages for the alleged wrongful death of her husband resulting from an automobile collision. A trial of that claim resulted in a verdict for plaintiff in the sum of $17,500. From the ensuing judgment defendant has appealed.

Plaintiff in Count II of her petition sought to recover damages for personal injuries she allegedly sustained in the same collision. Just prior to the beginning of the trial plaintiff's counsel announced to the court that plaintiff was dismissing Count II of her petition, without prejudice. For reasons that need not be here stated defendant objected to the entry of such an order. The court ruled that plaintiff could not dismiss that count, without prejudice, "at this late date" and announced that if plaintiff did not dèsire to proceed with the trial of Count II it would be dismissed with prejudice. An order and judgment dismissing said count, with prejudice,

was accordingly entered and plaintiff has appealed therefrom.

The collision in question occurred at the intersection of Forest Avenue and Linwood Boulevard in Kansas City, Missouri. Linwood has an asphalt surface and is a heavily traveled through street running in an east-west direction. It is 60 feet wide, substantially level, and has six traffic lanes. Parking is permitted in the north and south lanes so that two lanes remain for the movement of traffic in each direction. Forest is a north-south one-way street for southbound traffic. It is 36 feet wide north of Linwood and 26 feet wide to the south thereof. A stop sign controls the entry of vehicles from Forest into the intersection. There are two pedestrian safety islands in the center of Linwood east and west of Forest Avenue. The collision occurred in the south half of Linwood at about 10 a. m. on December 17, 1957. The streets were wet at the time. The car in which plaintiff and her husband were riding was crossing Linwood as it proceeded south on Forest. Defendant's car was eastbound on Linwood. The details as to how the collision occurred will be hereinafter stated.

Plaintiff and her husband, Robert L. Dye, lived in an apartment at the Wrennmoor Hotel where Mr. Dye was employed. On the morning in question Mr. and Mrs. Dye had gone to a store on Troost Avenue where they purchased Christmas presents to be given to their two grown sons. They were traveling in a 1949 2-door Studebaker sedan owned by Mr. Dye but being driven by plaintiff. Plaintiff had parked the car on the west side of Forest about halfway between Linwood and 31st Street. After making the purchases they entered their car and intended to return to their apartment. Plaintiff testified that she proceeded south on Forest and stopped the car at Linwood where she waited for some westbound cars to clear the intersection; that she started across the intersection with her car in low gear at a speed of about five miles per hour; that at the center of the intersection she slowed down to "probably

2½ miles an hour" and looked to the west where she saw defendant's eastbound car in front of Sidney's Restaurant (shown by other evidence to be 155 feet from collision point); that she then proceeded across Linwood at a speed of five miles per hour without again looking to the west and as the front end of her car passed the south curb of Linwood it was struck on the "right rear side" by the defendant's car.

Plaintiff further testified upon cross-examination that in low gear she could have accelerated her car rapidly, but that she at no time was going faster than five miles per hour in crossing Linwood; that her brakes were in good condition and at five miles per hour she probably could have stopped the car within two or three feet.

The force of the impact caused the car driven by plaintiff to spin around and it came to rest on Forest facing east. However, Mr. Dye was thrown from the car and landed on the sidewalk. He received a "gash on his head" and was rendered unconscious. After a period of hospitalization Mr. Dye returned to his home and appeared to be recovering from his injuries, but died suddenly on February 22, 1958. According to the death certificate the "condition leading to death [was] subdural hemorrhage."

The defendant was employed as a mechanic apparently engaged in making service calls in repairing juke boxes, pinball machines, etc. He testified that he was well acquainted with the instant intersection because his work required him to pass it fifteen or twenty times a day; that his car was in the south lane used for eastbound traffic as he approached the intersection at a speed of 25 or 30 miles per hour; that he couldn't see plaintiff's car until it passed the center of Linwood because it was behind the westbound cars; that when he was 30 feet from the west curb of the intersection (45 feet from collision point) he saw plaintiff's car start across the south half of Linwood at 15 miles per hour; that he applied his brakes "as soon as I could" and swerved to the

left but that the right front of his car struck plaintiff's car "right at the door" and then "sort of swiped on back to the back fender"; that under existing conditions he "imagined" that at 25 miles per hour it would take at least 100 feet for him to have stopped his car; that his car came to a stop a short distance beyond the collision point and he then pulled over to the curb and parked.

A police officer who investigated the collision testified that he found debris 46 feet south of the north curb and 20 feet east of the west curb of the intersection.

Plaintiff's case was submitted upon primary negligence. Instruction No. 1 required a finding that "defendant by the exercise of the highest degree of care could have seen the automobile in which Robert L. Dye was a passenger and could have known that there was a probable danger of collision between the two automobiles in time thereafter, under the circumstances then and there existing, to have avoided the collision and injuries to the said Robert L. Dye, if any, by stopping, slowing or swerving his automobile, but that the defendant failed to do so * * *." Defendant pleaded contributory negligence on the part of both deceased and plaintiff. Instruction No. 9 submitted the contributory negligence of plaintiff as a basis for a defendant's verdict. Instruction No. 3 (which defendant contends is erroneous) given at the request of plaintiff told the jury, in effect, that under certain circumstances therein specified the contributory negligence of plaintiff would not bar a verdict for plaintiff. Also on this appeal defendant contends that the court erred in failing to direct a verdict for him on the ground that plaintiff and her husband were guilty of contributory negligence as a matter of law. The recitals in this paragraph indicate that many of the points briefed herein involve the question as to whether contributory negligence on the part of plaintiff would constitute a defense in this action for damages for the wrongful death

of her husband. That question will be the first we will determine.

■ We have considered the authorities cited by each party and have concluded that in this action by a widow for damages resulting from the alleged wrongful death of her husband the contributory negligence of plaintiff (this being a primary negligence submission) would bar her recovery herein. It has been stated that "according to the weight of authority, the contributory negligence of the sole beneficiary will defeat an action for death, whether the action is brought in the name and right of such beneficiary or in the name of the personal representative of the deceased." Annotation, 87 A.L.R. 589, 590. More specifically applicable is the following rule: "Where the action is brought, in accordance with the statutory authorization, by the spouse in his individual capacity, negligence on his part which proximately contributes to the injury and death is sufficient to bar recovery." 16 Am.Jur., Death, § 137, p. 95. The general rule is followed in this state. See Chawkley v. Wabash R. Co., 317 Mo. 782, 297 S.W. 20 [15], Brooks v. Stewart, Mo.Sup., 335 S.W.2d 104 [7], Murphy v. Atchison, T. & S. F. Ry. Co., 353 Mo. 697, 183 S.W.2d 829 [3] (applying Kansas law), and Stafford v. Freightways, Inc., D.C.Mo., 117 F.Supp. 903.

We will next consider the contention of defendant that the court erred in giving (at plaintiff's request) Instruction No. 3 which reads as follows: "The court instructs the jury that if you find and believe from the evidence that the said defendant was negligent as submitted in the other instructions, and that his negligence, and the negligence, if any, of the wife of the deceased directly concurred, combined and contributed to cause the death of the said Robert L. Dye, and if you further find that Robert L. Dye was in the exercise of ordinary care for his own safety and at the time in question was riding with his wife in the family automobile which she was driving at the time, and that their purpose was merely to serve their mutual

pleasure, or to transact the usual and ordinary affairs of the family, and if you further find at the time in question that there has been no showing of joint responsibility or any legal right of joint control on the part of both husband and wife, as regards the operation of the automobile, then any negligence of the driver wife, if you find that she was negligent, might not be charged to her husband, then your verdict must be for the plaintiff Mary Dye as representative of her deceased husband and against the defendant Louis Geier."

█ The instruction is clearly erroneous. While it is ineptly drawn and difficult to understand, it does seem to require a finding of "joint responsibility" or the "legal right of joint control on the part of both husband and wife" as a prerequisite for applying the contributory negligence of plaintiff (if found) as a bar to her recovery. As indicated by the contents of the instruction it is plaintiff's theory that there must be a finding (supported by evidence) that the deceased had the legal right to control the vehicle or was engaged in a joint enterprise before the contributory negligence of the driver-beneficiary would bar recovery. That is not the law. The authorities we have heretofore cited do not indicate any such restriction upon the rule. Plaintiff has endeavored to support her position by citing cases such as Applebee v. Ross, Mo.Sup., 48 S.W.2d 900, 82 A.L.R. 288, Greenwood v. Bridgeways, Inc., Mo.App., 243 S.W.2d 111, and Cunningham v. Pulver, Mo.Sup., 327 S.W.2d 227. Those cases do not support her contention. They all involve questions of imputed negligence between a living husband and wife. Imputed negligence is not the basis for the rule that contributory negligence on the part of the beneficiary will bar recovery in a wrongful death action. The rule is founded upon public policy, the underlying principle being that a person shall not profit by his own wrong. See Annotation, 87 A.L.R. 589, supra.

We note also that Instruction No. 3 is in conflict with defendant's Instruction No. 9.

That instruction conventionally hypothesized various acts of contributory negligence as a prerequisite for a defendant's verdict without any requirement concerning decedent's right of control. In that respect Instruction No. 9 was correct and Instruction No. 3 was, as heretofore stated, erroneous. The error in Instruction No. 3 was clearly prejudicial and requires a reversal of the judgment.

█ Defendant also contends that his motion for a directed verdict should have been sustained because plaintiff was guilty of contributory negligence as a matter of law. "In determining this question, we bear in mind that plaintiff's negligence is a jury question, unless it may be said from all the evidence and the reasonable inferences therefrom, viewed in the light most favorable to plaintiff, the only reasonable conclusion is that plaintiff was negligent and that his negligence was a proximate cause of his injury." Kickham v. Carter, Mo. Sup., 314 S.W.2d 902, 908.

The evidence has been heretofore stated in detail and it would serve no useful purpose to restate it in our discussion of this point. We should mention, however, that the right of plaintiff and defendant to enter the intersection in question was governed by a city ordinance which reads as follows: " * * * The driver of any vehicle who has stopped as required by law at the entrance to a through street shall yield to other vehicles within the intersection or approaching so closely on the through street as to constitute an immediate hazard, but said driver having so yielded may proceed and other vehicles approaching the intersection on the through street shall yield to the vehicles so proceeding into or across the through street."

Defendant's specific contention is that plaintiff should have avoided the collision by stopping her car before it reached the path of defendant's car, or by accelerating her car to a more rapid speed so that it would have passed beyond the center eastbound lane before defendant's car reached

that point. He says that plaintiff's testimony discloses that she could have taken action in either of the respects suggested and thus have avoided the collision and her failure to do so was negligence as a matter of law. In considering that contention we note plaintiff's testimony to the effect that when she entered the south half of Linwood she saw defendant's car in front of Sidney's Restaurant. The east edge of Sidney's was 155 feet from the point of collision. Therefore, defendant's car was more than 155 feet from the path of plaintiff's car at that time and was being driven at a speed of 25 or 30 miles per hour. Plaintiff estimated that she had ample time to cross ahead of defendant's car and consequently entered the south half of the intersection.

■ Under the evidence most favorable to plaintiff we do not think it may be said as a matter of law that defendant's car at that time was so closely approaching the path of plaintiff's car as to constitute an immediate hazard. In that situation plaintiff had no reason to anticipate that defendant would not yield the right of way to her as required by the quoted ordinance. In the circumstances presented we do not think all reasonable minds would agree that plaintiff was negligent in proceeding across the south half of Linwood in the manner heretofore detailed and hence we rule that the issue of her contributory negligence was for the jury to determine. Our conclusion is supported by the following cases: Moore v. Southwestern Bell Telephone Co., Mo.Sup., 301 S.W.2d 817, Schmittzehe v. City of Cape Girardeau, Mo.Sup., 327 S.W. 2d 918, Rayburn v. Fricke, Mo.App., 243 S.W.2d 768, and Ritzheimer v. Marshall, Mo.App., 168 S.W.2d 159.

The principal cases relied upon by defendant in support of his contention are Yeaman v. Storms, 358 Mo. 774, 217 S.W. 2d 495, Brooks v. Stewart, Mo.Sup., 335 S.W.2d 104, Pennington v. Carper, Mo. Sup., 309 S.W.2d 596, and Burton v. Moulder, Mo.Sup., 245 S.W.2d 844. We

have carefully examined those cases and find that each is factually different in one or more important respects from the situation presented in the instant case and therefore may not be considered as decisive authorities.

Defendant also asserts that decedent was guilty of contributory negligence as a matter of law. However, his brief discloses that that contention is based upon the proposition that plaintiff's evidence showed that decedent had the legal right of control over the car and therefore, as a matter of law, plaintiff's negligence (which defendant contends was established as a matter of law) would be imputed to him and would bar plaintiff's recovery. We need not consider this contention further. We have held that plaintiff was not guilty of contributory negligence as a matter of law. If she was not guilty of contributory negligence as a matter of law, there would be no negligence (as a matter of law) which could be imputed to decedent.

We rule that the trial court did not err in overruling defendant's motion for a directed verdict.

Since the judgment must be reversed and the cause remanded for a new trial because of error in giving Instruction No. 3 we need not consider defendant's further contention that Instruction No. 1 was erroneous. Prior to another trial counsel for plaintiff will have the opportunity to reexamine that instruction and to make such corrections as may be considered necessary, in view of the attack made thereon by defendant. It is also obviously unnecessary to consider the contention of error in regard to the alleged misconduct of one of the jurors in failing to make certain disclosures upon voir dire examination as that incident will not recur upon another trial.

As heretofore stated plaintiff appealed from the order and judgment of the court dismissing Count II of her petition with prejudice. Defendant has filed a motion to dismiss plaintiff's appeal because of plaintiff's failure to deliver copies of her

brief to defendant within the time specified in our rule. Civil Rule 83.06(a), V.A.M.R. provides, in part, as follows: "The appellant shall deliver to the respondent two copies of his brief forty-five days before the day on which the cause is set for hearing, and the respondent shall deliver two copies of his brief to the appellant at least fifteen days before the last named date * * *. Briefs may be served at a later time than above specified by agreement." This appeal was set to be heard .(and was heard) on January 20, 1961. Plaintiff combined her appellant's brief with her respondent's brief and delivered copies thereof to defendant-respondent on January 5, 1961, fifteen days before the hearing date. Defendant has not filed any respondent's brief but on January 16, 1961, filed the aforementioned motion to dismiss plaintiff's appeal. Attached to the motion is the affidavit of one of defendant's attorneys reciting "that there has been no agreement with attorneys for the plaintiff-appellant in the above cause to extend the time in which plaintiff, as appellant, should file her brief."

We find nothing in our rules providing any different procedure in regard to serving briefs where there is an appeal by both parties in a cause. Plaintiff and defendant were each required to deliver his appellant's brief to the other party forty-five days before January 20, 1961. It is undisputed that plaintiff was thirty days late in delivering her appellant's brief to defendant. Civil Rule 83.09, V.A.M.R., provides that if any appellant fails to comply with Rule 83.06 "the court, when the cause is called for hearing, will dismiss the appeal or affirm the judgment unless good cause is shown or the interests of justice otherwise require. The court may suspend or modify its rules in a particular case upon a showing that justice so requires."

Plaintiff has not filed any suggestions in opposition to defendant's motion. She has not presented any excuse for her failure to comply with Rule 83.06, and has not endeavored to point out any reason why the interests of justice would require that the appeal not be dismissed. In the situation presented we are of the opinion that plaintiff's appeal should be dismissed because of her failure to comply with Civil Rule 83.06, supra.

The judgment upon Count I is reversed and cause remanded for a new trial. In regard to plaintiff's appeal from the judgment dismissing Count II the defendant's motion to dismiss is sustained and said appeal is accordingly dismissed.

COIL and HOUSER, CC., concur.

PER CURIAM.·

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.