STATE of Missouri ex rel. ST. LOUIS–SAN FRANCISCO RAILWAY COMPANY, Relator,

v.

The Honorable William H. PINNELL, Judge of the Circuit Court of Lawrence County, Missouri, Respondent.

No. 11919.

Missouri Court of Appeals, Southern District, Division One.

Sept. 9, 1980.

Glenn A. Burkart, Mann, Walter, Burkart, Weathers & Walter, Springfield, for relator.

Theodore Beezley, Springfield, for respondent.

TITUS, Presiding Judge.

Plaintiff, as the surviving parent of his deceased 15–month–old daughter, sued defendant railroad for damages. His petition alleged that defendant's negligence caused the death of the child. The pleading stated that the deceased, at the time of her death, was a passenger in a truck which was being operated by plaintiff when it came into collision with defendant's train at a grade crossing. Defendant's answer, in paragraph six thereof, asserted that plaintiff's negligence "directly, proximately and solely caused, or directly and proximately contributed to cause" the damages, if any, which plaintiff may have sustained due to the death of his infant daughter. Thereafter plaintiff filed a motion to strike paragraph six of the answer, asseverating "That the alleged negligence of [plaintiff], driver of the truck in which [his daughter] was a guest passenger is irrelevant and immaterial and cannot be pleaded as a bar to the recovery of plaintiff for the wrongful death of [the child]." When the circuit court indicated it would sustain the motion to strike unless prohibited from doing so, defendant, as relator, filed in this court its original proceeding in prohibition seeking to restrain the judge of the circuit court, as respondent, from sustaining the motion. Our preliminary writ of prohibition then issued.

 In this and other jurisdictions, the law is that when a parent or spouse brings an action in his own name for the wrongful death of his infant child or spouse, he will be denied recovery if his negligence contributed to the casualty which produced the death. *Scanlon v. Kansas City*, 325 Mo. 125, 28 S.W.2d 84, 94 (banc 1930); *Chawkley v. Wabash Ry. Co.*, 317 Mo. 782, 805, 297 S.W.

20, 27[15] (banc 1927); *Slagle v. Singer*, 419 S.W.2d 9, 12[2] (Mo.1967); *Dye v. Geier*, 345 S.W.2d 83, 86[1] (Mo.1961); *Stafford v. Freightways, Inc.*, 117 F.Supp. 903, 908[7] (W.D.Mo.1954)[1]; Annot., 2 A.L.R.2d, Death Action–Beneficiary's Negligence, pp. 785–814. Consequently, there can be no question but that respondent herein had no authority to order stricken paragraph 6 of defendant's–relator's answer, supra, and that prohibition is the proper and appropriate remedy to prevent a court from making an order it has no jurisdiction to make. Moreover, we see no justification in the delay or the expense that would be entailed in requiring briefs, arguments and submission at a later date. Therefore, an immediate absolute rule in prohibition is proper at this time [*State ex rel. Vogel v. Campbell*, 505 S.W.2d 54, 58[7] (Mo.banc 1974); *State ex rel. Houser v. Goodman*, 406 S.W.2d 121, 127[11, 12] (Mo.App.1966)] and such rule is so ordered.

All concur.

a contributorily negligent parent cannot recover for the death of his child.

---

1. This was partially reversed in *Freightways, Inc. v. Stafford*, 217 F.2d 831 (8th Cir. 1955), but the reversal did not affect the holding that