565 F.Supp. 64 (1983)
Joyce MORRIS, Plaintiff,
v.
Donna RANCOURT, Defendant/Third-Party Plaintiff,
v.
Gary Michael LOWES, Third-Party Defendant.
No. 82-1138C(B).
United States District Court, E.D. Missouri, E.D.
June 7, 1983.
*65 Michael D. Stokes, St. Louis, Mo., for plaintiff.
Harold Whitfield, Sam P. Rynearson, St. Louis, Mo., for defendant/third-party plaintiff.

MEMORANDUM AND ORDER
REGAN, District Judge.
By this diversity action filed on July 19, 1982 against the alleged driver of a motor van in which she was a passenger, plaintiff seeks to recover damages for personal injuries allegedly sustained by her on July 15, 1978 when defendant's motor van which was stopped on the shoulder of Interstate Highway 270 in St. Louis County, Missouri, was struck from the rear by an automobile operated by third-party defendant. Defendant has filed a third-party complaint against the driver of the other vehicle asserting a claim for indemnity, contribution and/or apportionment of fault in the event judgment is rendered against her on plaintiff's claim.
About a year before filing this suit, plaintiff had entered into a settlement agreement with third-party defendant (through his liability insurance company) whereby plaintiff was paid the sum of $35,000, in consideration of which plaintiff executed a covenant not to sue or assert any claim against third-party defendant for injuries or damages resulting from the accident of July 15, 1978, reserving the right to sue any other person on account thereof.
Relying upon this covenant not to sue, third-party defendant has moved to dismiss the third-party complaint, asserting that by reason thereof he has been immunized from all further liability to any one with respect to the damages sustained by plaintiff. We agree.
The landmark case of Missouri Pacific Railroad Co. v. Whitehead & Kales Co., 566 S.W.2d 466 (Mo. banc 1978) abolished the common law rule in Missouri barring contribution between joint or concurrent tortfeasors and created in its place a new substantive right to contribution or apportionment of liability based on the relative fault or responsibility of the tortfeasors for the damages which flowed from the tort.
Whitehead & Kales did not involve a factual situation in which recovery by the original plaintiff against one of the defendants was legally barred. Although the Missouri Supreme Court used a broad brush approach in formulating the new principle of apportionment of fault, exceptions to its application were soon adopted. Thus, in State ex rel. Maryland Heights Contractors, Inc. v. Ferriss, 588 S.W.2d 489 (Mo. banc 1979) and again in Parks v. Union Carbide Corp., 602 S.W.2d 188 (Mo. banc 1980), the Missouri Supreme Court held that the statutory immunity from common law liability granted to an employer under the Workmen's Compensation Act (Section 287.120.1 RSMo) was not removed by Whitehead & Kales.
In other cases, the Missouri Supreme Court (and the Courts of Appeal of this state) have added parental immunity and interspousal immunity (where applicable) to *66 the list of exceptions. See, e.g., Kendall v. Sears, Roebuck and Co., 634 S.W.2d 176 (Mo. banc 1982) citing with approval the Court of Appeals decisions in Martinez v. Lankster, 595 S.W.2d 316 (Mo.App.1980), Renfrow v. Gojohn, 600 S.W.2d 77 (Mo.App. 1980) and Kohler v. Rockwell, 600 S.W.2d 647 (Mo.App.1980). The rationale of these exceptions is that inasmuch as the right to contribution is derivative from the basic liability of the third-party defendant to the injured party, Whitehead & Kales is inapplicable where the third-party defendant is immune from suit by him. In MFA Mutual Insurance Co. v. Howard Construction Co., 608 S.W.2d 535, 537 (Mo.App.1980), the Missouri Court of Appeals for the Western District said in reference to decisions subsequent to Whitehead & Kales: "These cases have repeatedly stated that apportionment of fault and contributory payment liability are appropriate only where the contributing defendant added to the suit by the third-party action could have been joined by assertion of liability on the part of the original plaintiff."
The covenant not to sue relied on by third-party defendant unquestionably immunizes him from suit by plaintiff. Such a settlement and release from further liability is expressly sanctioned by Section 537.060 RSMo. The issue thus presented is whether in spite of a tortfeasor's immunity to suit by the wronged party, he is nevertheless subject to suit for contribution and apportionment of liability at the instance of a joint or concurrent tortfeasor under the Whitehead & Kales principle.
So far as we are aware, the appellate courts of Missouri have never definitively ruled this precise issue. However, although by no means authoritative, obiter statements made in majority, concurring and dissenting opinions in other cases are of value as clues in ascertaining what a Court will hold in a given situation. Thus, the majority opinion in Parks, supra, 602 S.W.2d at 189, stating that Whitehead & Kales "did not change the right of plaintiff to settle with one or more joint tortfeasors as provided in § 537.060 RSMo 1978... It did not impair the right of contract with respect to any such matters."
The dissenting judges in this and other cases (e.g. State ex rel v. Ferriss, supra, and Kendall v. Sears, Roebuck and Co., supra) did not disagree with this construction of Whitehead & Kales. What they argued (in vain) was that principles of fairness dictated the abolishment of the present rule of joint and several liability of joint and concurrent tort feasors whereby a plaintiff's recovery against a non-released tortfeasor is reduced dollar for dollar by the amount paid in settlement, irrespective of the non-released tortfeasor's greater or lesser relative responsibility for the tort. On this premise, had it been accepted, the released tortfeasor would remain in the case for the sole, limited, purpose of adjudicating his relative fault, not for contribution, but to assure that plaintiff's recovery against the non-released tortfeasor will be in direct and exact proportion to his degree of fault, without regard to the dollar amount paid in settlement.
We are convinced that by reason of third-party defendant's immunity from suit by plaintiff as the result of his settlement with plaintiff under the terms of the covenant not to sue that he has also, under Missouri law, been immunized from liability for contribution to defendant third-party plaintiff. It follows that the motion to dismiss, treated as a motion for summary judgment on the basis of the admitted settlement and covenant not to sue, is well taken.
Accordingly, IT IS HEREBY ORDERED that the motion of third-party defendant to dismiss the third-party complaint be and it is HEREBY SUSTAINED, and the third-party petition is hereby dismissed with prejudice.