791 F.Supp. 792 (1992)
Paul R. CHURCH, individually and as Next Friend of Sarah Church, a minor, Plaintiffs,
v.
MOON FREIGHT LINES, INC. and Kenneth P. Burton, Defendants/Third Party Plaintiffs,
Kathleen L. Church, Third Party Defendant.
No. 90-2266C(5).
United States District Court, E.D. Missouri, E.D.
May 29, 1992.
Mark Belz, Belz & Beckemeier, St. Louis, Mo., for plaintiffs.
Robert Nussbaumer, Funsch & Nussbaumer, St. Louis, Mo., for defendants.
Gerard T. Noce, Evans & Dixon, St. Louis, Mo., for third party defendant.

ORDER
LIMBAUGH, District Judge.
This matter is before the Court on the third-party defendant Kathleen Church's motion to dismiss or in the alternative, for partial summary judgment. Ms. Church seeks the dismissal of the third-party complaint against her for contribution in light of the recent Missouri Supreme Court decision in Hartman v. Hartman/Armstrong v. Armstrong, 821 S.W.2d. 852 (Mo.banc 1991). Defendants/third-party plaintiffs have filed a response in opposition to the motion.
Ms. Church, the natural mother of the minor child Sarah Church, avers that because the plaintiffs did not implead her as a party defendant or challenge the parental immunity doctrine prior to the December 17, 1991 decision in Hartman, defendants cannot maintain a contribution action against her now. Defendants/third-party plaintiffs argue that a third-party action for contribution is separate and distinct from the tort claim asserted by plaintiffs against defendants; thus it does not matter whether or not plaintiffs assert a claim against the third-party defendant.
In Missouri Pacific Railroad Co. v. Whitehead & Kales Co., 566 S.W.2d 466 (Mo.banc 1978), the Missouri Supreme Court created a new right of contribution or apportionment of liability based on the relative fault or responsibility of the tort-feasors for damages resulting from the tort. However, the Court noted that "[t]he right to non-contractual indemnity presupposes actionable negligence of both parties toward a third party." Id., at 468. Consequently, the Missouri courts have since found certain exceptions to the application of a third-party action for contribution. One of these exceptions is the doctrine of parental immunity. Kendall v. Sears, Roebuck & Co., 634 S.W.2d 176 (Mo.banc 1982); Kohler v. Rockwell Int'l and J.R. Prewitt & Sons, 600 S.W.2d 647 (Mo.App. 1980); see also, Morris v. Rancourt, 565 F.Supp. 64 (E.D.Mo.1983). These cases found that the right to contribution is derivative from the basic liability of the third-party defendant to the plaintiff, therefore *793 Whitehead & Kales is inapplicable to cases wherein the third-party defendant is immune from suit. Morris, at 66. Thus, because parental immunity shields the minor's parent from any liability for negligent acts (partly or wholly responsible for the minor's damages), other tortfeasor-defendants are barred from asserting any claims for contribution or indemnity against the parent. Kendall, at 179.
Normally, this would bring an end to the discussion on the issue at hand; however, recently the Missouri Supreme Court ruled in favor of abrogating the parental immunity doctrine, thereby allowing minor unemancipated children to bring negligence actions against their parents. Hartman, supra. As regards application of the Hartman ruling, the Court specifically stated:
This holding shall apply only to those cases pending in the trial court in which a claim challenging and seeking the overturn of parental immunity doctrine has been timely raised as of the date of issuance of this opinion as well as to those cases in which appealable orders have been entered by the trial court and in which the aggrieved party (or parties) has preserved such issue in a timely manner for appellate review as of the date of issuance of this opinion and to causes of action that arise after the date of issuance of this opinion.
Third-party defendant asserts that since plaintiffs did not file any claim against her or challenge the parental immunity doctrine prior to the issuance date of the Hartman opinion (December 17, 1991), the defendants/third-party plaintiffs are foreclosed from asserting their cause of action for contribution. This Court disagrees.
Defendants/third-party plaintiffs first attempted to file their third-party petition for contribution in January 1991. This Court granted third-party defendant's motion to dismiss the third-party complaint without prejudice on August 28, 1991. The Court specifically recognized the pending cases of Hartman v. Hartman/Armstrong v. Armstrong, supra. and granted the motion to dismiss with the proviso that the defendants would be allowed to refile their third-party petition if the Missouri Supreme Court did abrogate the doctrine of parental immunity. Under these circumstances, this Court believes that the spirit and intent of the "retroactive application" paragraph within Hartman allows these defendants to assert their claim for contribution against Ms. Church. The Court in Hartman did not specify that only pending cases in which the plaintiff minor child has made a claim against the parent can now proceed. It refers only to the "aggrieved party (or parties)". In the instant matter, the defendants/third-party plaintiffs are the "aggrieved parties". The defendants/third-party plaintiffs challenged the doctrine of parental immunity by attempting to file a third-party petition for contribution against the minor child plaintiff's mother. When this Court granted the motion to dismiss without prejudice and specifically stated that defendants would be allowed to refile their petition (depending upon the Missouri Supreme Court's decision), the claim challenging the doctrine of parental immunity was timely raised and preserved.
Accordingly,
IT IS HEREBY ORDERED that the third-party defendant's motion to dismiss or in the alternative, for partial summary judgment be and is DENIED.