Pamela F. **TEETER** and Darien Teeter, Appellants,

v.

**MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION**, Respondent.

No. 76867.

Supreme Court of Missouri, En Banc.

Jan. 24, 1995.

Rodney E. Loomer, Gregory W. Aleshire, James R. Fossard, Springfield, for appellants.

Zachary T. Cartwright, Rich Tiemeyer, Jefferson City, Robert W. Schroff, Randy R. Cowherd, Springfield, for respondent.

COVINGTON, Chief Justice.

Pamela F. Teeter and her former husband, Darien Teeter, the plaintiffs in a wrongful death action filed after the death of their daughter Ashley, appealed the judgment of the trial court imputing Mrs. Teeter's negligence to Mr. Teeter. The Missouri Court of Appeals, Southern District, reversed and remanded. This Court granted transfer. Reversed and remanded.

The facts are not in dispute. The Teeters' marriage was dissolved in 1981. Mrs. Teeter was awarded custody of the children of the marriage, including Ashley Teeter. On June 30, 1987, Ashley was killed when Mrs. Teeter's car collided with a vehicle driven by Diana L. Hurlbut at the intersection of U.S. Highway 54 and Missouri Highway 73 in Camden County, Missouri.

Mrs. Teeter filed a wrongful death action against Ms. Hurlbut and the Missouri Highway and Transportation Commission ("MHTC"). Mrs. Teeter alleged that MHTC was negligent in designing and maintaining the road where the collision occurred and that Ms. Hurlbut was negligent in the operation of her vehicle. Mr. Teeter intervened in the wrongful death action, alleging that Ms. Hurlbut, MHTC, and Mrs. Teeter were negligent in causing Ashley's death.

The trial court approved settlements in which payments were made on behalf of Ms.

Hurlbut in the amount of $25,000 and on behalf of Mrs. Teeter, in her capacity as a defendant, in the amount of $23,000.

After the settlements, the trial court granted the Teeters' joint motion for realignment of the parties. Mr. Teeter was designated a plaintiff. After the realignment, the action was between the Teeters as plaintiffs and MHTC as the sole remaining defendant.

At trial, the jury returned a verdict assessing the Teeters' damages at $500,000. The jury assessed ninety percent of the fault for Ashley's death to Mrs. Teeter and ten percent to MHTC.

In its judgment the trial court allowed MHTC credit for the $48,000 paid in settlement on behalf of Ms. Hurlbut and Mrs. Teeter. The court held that Mrs. Teeter's fault should be imputed to Mr. Teeter. The court then reduced the remaining $452,000 by ninety percent, the percentage of fault the jury assessed to Mrs. Teeter. The court entered judgment in favor of Mr. and Mrs. Teeter and against MHTC in the amount of $45,200. The court apportioned seventy percent of the judgment to Mrs. Teeter and thirty percent to Mr. Teeter. On appeal the Teeters contend that the trial court erred in imputing the comparative fault of Mrs. Teeter to Mr. Teeter.

■ To address the Teeters' contention that the trial court erred in imputing the comparative fault of Mrs. Teeter to Mr. Teeter, this Court must first address the larger issue of whether a defendant's liability can be reduced on account of the fault of one of several beneficiaries of a wrongful death action. A wrongful death defendant "may plead and prove as a defense any defense which the defendant would have had against the deceased in an action based on the same [facts], and which action for damages the deceased would have been entitled to bring had death not ensued." § 537.085.[1] The comparative fault of the decedent is such a defense. *See Jensen v. ARA Services, Inc.,* 736 S.W.2d 374, 375 (Mo. banc 1987); *Berra v. Union Elec. Co.,* 803 S.W.2d 188, 90–91 (Mo.App.1991).[2] Although the fault of a decedent may be assessed against the beneficiaries in a wrongful death action, no appellate court of this state has held that comparative fault applies to reduce the award in a wrongful death case in proportion to the fault of one of the beneficiaries.[3]

■ To reduce a defendant's liability by the percentage of fault of one of several beneficiaries is inconsistent with the nature of the wrongful death cause of action.[4] Unlike tort actions, in which the plaintiffs have individual causes of action, wrongful death actions are indivisible—only one action may be brought against any one defendant for the death of any one person. § 537.080. Any recovery in a wrongful death action is for the benefit of those who sue or are entitled to sue and of whom the court has notice. § 537.095.1. The individual interests of the beneficiaries become separable only after the

1. Unless otherwise indicated, all statutory citations are to RSMo 1986.

2. Prior to the adoption of comparative fault in Missouri in *Gustafson v. Benda,* 661 S.W.2d 11 (Mo. banc 1983), the contributory negligence of the sole beneficiary of a wrongful death action was a complete bar to recovery. *Dye v. Geier,* 345 S.W.2d 83, 86 (Mo.1961). In cases involving multiple beneficiaries, the fault of one statutory beneficiary was not attributable to other beneficiaries. *Reynolds v. Thompson,* 215 S.W.2d 452, 454 (Mo.1948). Absent agency or joint enterprise, the fault of one parent of the decedent in a wrongful death action did not defeat the claim of both parents when they brought suit together. *Herrell v. St. Louis–San Francisco Ry. Co.,* 324 Mo. 38, 23 S.W.2d 102, 105 (banc 1929).

3. *Clark v. Sears, Roebuck & Co.,* 731 S.W.2d 469, 473 (Mo.App.1987), contains dicta, however, to the effect that when "a parent brings an action in her own name for the wrongful death of her infant, the negligence of the parent that contributes to the casualty which produced the death can be assessed against the parent." Although it deals with the appropriateness of a comparative fault instruction, *Clark* cites as support for the quoted language *State ex rel. St. Louis–San Francisco Ry. Co v. Pinnell,* 605 S.W.2d 537, 538 (Mo.App.1980). *Pinnell,* a pre-*Gustafson* contributory negligence case involving a single wrongful death plaintiff, is consistent with and cites *Dye v. Geier,* 345 S.W.2d 83 (Mo.1961). *Pinnell,* 605 S.W.2d at 538. *See* supra note 2.

4. The present case does not concern, and the Court does not address, the applicability of comparative fault to a wrongful death action with one beneficiary.

indivisible cause of action becomes merged in a judgment. § 537.095.3; *Glasco v. Fire & Cas. Ins. Co.*, 709 S.W.2d 550, 555 (Mo.App. 1986). Under the wrongful death statutes, it is impossible to reduce a defendant's liability to one of several claimants prior to judgment because no claimant has an individual interest until apportioned one by the court. Apportionment takes place only after judgment is entered against the defendant. § 537.095.3; *Glasco*, 709 S.W.2d at 555. Where there are multiple beneficiaries, therefore, the wrongful death statutes cannot logically coexist with comparative fault, for it is impossible to "[diminish] proportionately the amount awarded as compensatory damages ... attributable to the claimant's contributory fault." *Gustafson v. Benda*, 661 S.W.2d 11, 18 (Mo. banc 1983) (adopting § 1, Uniform Comparative Fault Act).

In spite of the inability logically to apply comparative fault in a wrongful death action with multiple beneficiaries, the function of comparative fault is served by contribution among joint tortfeasors. Section 537.060 provides, in pertinent part:

> Defendants in a judgment founded on an action for the redress of a private wrong shall be subject to contribution, and all other consequences of such judgment, in the same manner and to same extent as defendants in a judgment in an action founded on contract. When an agreement by release, covenant not to sue or not to enforce a judgment is given in good faith to one of two or more persons liable in tort for the same injury or wrongful death, such agreement shall not discharge any of the other tort-feasors for the damage unless the terms of the agreement so provide; however such agreement shall reduce the claim by the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater. The

agreement shall discharge the tort-feasor to whom it is given from all liability for contribution or noncontractual indemnity to any other tort-feasor.

The doctrine of comparative fault and the policy enunciated in § 537.060 stand on similar principles. Comparative fault reduces the defendant's liability in proportion to the plaintiff's negligence. *Cornell v. Texaco, Inc.*, 712 S.W.2d 680, 682 (Mo. banc 1986). Section 537.060 permits the defendant's liability to be reduced by the amounts of settlements by joint tortfeasors. The theory underlying both rules is the principle of fairness. *See Missouri Pac. R. Co. v. Whitehead & Kales Co.*, 566 S.W.2d 466, 472 (Mo. banc 1978). Both seek to ensure that the defendant is not forced to bear an unfair burden.

■ A defendant, therefore, has no need to invoke comparative fault principles when a plaintiff in a wrongful death case with multiple beneficiaries is also a joint tortfeasor. The defendant's interests are protected by the law of contribution. If comparative fault were also applied to limit the defendant's liability, the defendant would twice obtain the benefit of the plaintiff's fault. The principle of fairness is served by applying the law of contribution among joint tortfeasors alone.

■ Contribution affords no relief, however, to MHTC in the present case. MHTC failed to take any steps to protect its right to contribution from Mrs. Teeter.[5] Mrs. Teeter entered into a settlement. Section 537.060 provides that defendants who go to trial may not seek contribution from joint tortfeasors who reach good faith settlements with the plaintiff, but instead are entitled to have their liability reduced by the amount of the settlement. The section, the applicability of which the parties do not contest, "permits alleged tort-feasors to buy their peace by good faith settlements with the claimant."

---

**5.** Prior to the abrogation of parental immunity, a defendant facing allegations of negligently injuring a child was barred from bringing a third party complaint or action for contribution against the child's parents. *Kendall v. Sears, Roebuck and Co.*, 634 S.W.2d 176, 178–79 (Mo. banc 1982). Because parental immunity barred a child from bringing a direct action against his or her parents, parents were not susceptible to claims for contribution. *Kohler v. Rockwell Int'l*

*Corp.*, 600 S.W.2d 647, 650 (Mo.App.1980). This Court abrogated parental immunity, holding that an action could be maintained against a mother for wrongfully causing her son's death. *Hartman v. Hartman*, 821 S.W.2d 852, 858 (Mo. banc 1991). By extension, parents are no longer immune from claims for contribution arising from negligent acts toward their children. *See Church v. Moon Freight Lines, Inc.*, 791 F.Supp. 792, 793 (E.D.Mo.1992).

*Lowe v. Norfolk & Western Ry. Co.*, 753 S.W.2d 891, 892 (Mo. banc 1988). MHTC relinquished any claim for contribution; it neither sought to have the trial court disapprove Mrs. Teeter's settlement, § 537.095.1, nor contested the good faith nature of the settlement, § 537.060. MHTC, therefore, is not entitled to contribution from Mrs. Teeter.

■ Although MHTC is not entitled to contribution, it is entitled to the credit it received on account of Mrs. Teeter's settlement in her capacity as a joint tortfeasor. On the facts of this case, however, the credit on account of settling tortfeasors is of little benefit to MHTC. An ordinary defendant in MHTC's position would have its liability reduced by $48,000 to $452,000 as a consequence of the settlements of Mrs. Teeter and Ms. Hurlbut. MHTC is not an ordinary defendant. Its liability for damages in the present case is limited by statute to $100,000. § 537.610, RSMo Supp.1989. The parties raise no issue as to the amount of damages found by the jury. Since the damages exceed the statutory cap, the trial court should have entered judgment against MHTC in the amount of $100,000.

The matter of apportionment remains. The trial court apportioned seventy percent of the loss from Ashley's death to Mrs. Teeter and thirty percent to Mr. Teeter. *See* § 537.095.3; *Glasco*, 709 S.W.2d at 555. As noted above, the trial court should have entered judgment against MHTC in the amount of $100,000. The parties raise no issue as to apportionment. Consequently, the trial court should have allocated $70,000 to Mrs. Teeter and $30,000 to Mr. Teeter.

■ MHTC argues that it cannot be held jointly and severally liable for the fault of Mrs. Teeter. This argument is without merit. MHTC was the only defendant at trial. Joint and several liability depends on the existence of multiple defendants. § 537.067 (applying joint and several liability to "defendants"); *Kibbons v. Union Elec. Co.*, 823 S.W.2d 485, 491 (Mo. banc 1992). Rules of joint and several liability do not apply to cases with one defendant. *Kibbons*, 823

S.W.2d at 491. As the lone defendant, MHTC is solely liable.

■ In a related issue, MHTC argues that the public policy of this state does not require a tortfeasor to pay damages greater than those assessed by the jury. The jury set the Teeters' damages at $500,000 and assessed MHTC's liability relative to Mrs. Teeter at ten percent. MHTC argues that it should, therefore, be required to pay, at most, $50,000.[6] This argument must fail. As noted, MHTC was the sole defendant at trial and comparative fault is inapplicable in this context. The Teeters are entitled to collect the full amount of their judgment, subject to § 537.610, from MHTC.

MHTC notes that § 6 of the Uniform Comparative Fault Act requires each tortfeasor to pay its equitable share of any judgment. *See Gustafson*, 661 S.W.2d at 16. This Court held in *Gustafson* that § 6 is inapplicable to the extent that it conflicts with § 537.060. *Id.* at 15 n. 10. Section 537.060 provides that a defendant that goes to trial, rather than pay only its proportionate share of the plaintiff's damages, shall receive credit for the amounts of settlements by joint tortfeasors. A settling defendant is dismissed from the action for all purposes, including allocation of fault. *Jensen*, 736 S.W.2d at 379 (Robertson, J., concurring in result). Section 537.060 expresses the public policy of this state. Any amendment of § 537.060 is in the hands of the legislature.

■ MHTC argues that, in view of this Court's adoption of comparative fault, the rule regarding imputation of fault in wrongful death cases should be changed. MHTC contends that imputation of a negligent parent's fault to an innocent parent would be less harsh under comparative fault than under the former all-or-nothing system of contributory negligence. To follow the urging of MHTC would require this Court to reduce the recovery of a wholly innocent party, Mr. Teeter, for the benefit of a defendant that has been found liable for wrongful death. The rule that the fault of one beneficiary is not to be imputed to other beneficiaries is well rooted in reason and precedent. *See*

---

6. The parties raise no issue of instructional error.

*Herrell v. St. Louis–San Francisco Ry. Co.,* 324 Mo. 38, 23 S.W.2d 102, 105 (banc 1929). MHTC's argument is without merit.

In conclusion, this Court notes that it may seem unfair that Mrs. Teeter, whom the jury found to be ninety percent at fault in the death of her daughter, is to receive the greater portion of the award in this case. The fault for this circumstance rests not with the law or the courts but with MHTC. MHTC had the opportunity to position itself to seek contribution from Mrs. Teeter but failed to do so.

The judgment of the trial court is reversed and the cause is remanded for entry of a judgment consistent with this opinion.

BENTON, THOMAS, PRICE, LIMBAUGH and ROBERTSON, JJ., and STITH, Special Justice, concur.

HOLSTEIN, J., not sitting.