STATE of Missouri, ex rel., Willa
F. GRIFFIN, Relator,

John Glaspie, Intervenor,

v.

The Honorable Ronald M.
BELT, Respondent.

No. WD 52657.

Missouri Court of Appeals,
Western District.

Jan. 28, 1997.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 4, 1997.

Application to Transfer Denied
April 29, 1997.

Hadley E. Grimm, Jill Whitehead Creed, Collins & Grimm, Macon, for Relator.

Scott Templeton, Oswald & Cottey, P.C., Kirksville, for Respondent.

Before EDWIN H. SMITH, P.J., and ULRICH and LAURA DENVIR STITH, JJ.

LAURA DENVIR STITH, Judge.

Frankie Fern Huntsman was killed when the car in which she was being driven by her daughter, Relator Willa F. Griffin, was involved in a collision with a car driven by John Glaspie. Mrs. Huntsman's sister, Ethelene Graves, brought suit against Ms. Griffin and Mr. Glaspie for the wrongful death of Mrs. Huntsman. Ms. Griffin filed a third-party claim against Mr. Glaspie and moved for summary judgment on Mrs. Graves' claim against her. In support, Ms. Griffin argued that because she is the deceased's sole surviving "class (1)" beneficiary under Missouri's Wrongful Death statute, she had the sole right to sue for the death of Mrs. Huntsman. Mrs. Graves countered that because Ms. Griffin is fully or partially at fault for her mother's death, Ms. Griffin is not entitled to sue under the Wrongful Death statute, and the right to sue thus devolved to her as the deceased's sister and only "class (2)" beneficiary under the Wrongful Death statute.

The court below agreed with Mrs. Graves and denied Ms. Griffin's motion for summary judgment. At the application of Ms. Griffin, we issued our preliminary writ of prohibition to prevent Judge Ronald M. Belt from denying Ms. Griffin's motion for summary judgment on the claim of Mrs. Graves against her. We now make our writ permanent.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Relator Willa F. Griffin and her mother, Frankie Fern Huntsman, were in an automobile accident on December 13, 1991, when the vehicle Ms. Griffin was driving collided with a vehicle driven by Third Party Defendant John W. Glaspie. As a result of injuries sustained in this accident, Mrs. Huntsman died on January 7, 1992. Mrs. Huntsman's husband and parents predeceased her. She was survived by a sister, Ethelene Graves, and by relator, who is her only surviving child.

On April 28, 1994, Ethelene Graves filed a wrongful death action against relator, alleging that her negligence caused the death of her sister, Mrs. Huntsman. Relator moved for summary judgment on Mrs. Graves' claim against her, asserting that Mrs. Graves had no standing to sue for the death of her sister because the Missouri Wrongful Death statute sets up a system of priorities as to who can bring a claim for wrongful death. Under that system, children of the deceased are class (1) beneficiaries. Siblings of the deceased are class (2) beneficiaries and may sue only if there is no person in class (1) entitled to sue. Ms. Griffin argued that, as the deceased's only surviving child, she and not Mrs. Graves, as the deceased's sister, had the statutory right to sue for Mrs. Huntsman's death. Ms. Griffin also filed a third-party petition against the other driver involved in the accident, Mr. Glaspie, alleging that he was liable to her because he was wholly or partially responsible for the death of Mrs. Huntsman.

Mrs. Graves filed an amended Petition which asserted claims against both Ms. Griffin and Mr. Glaspie. She also argued that Ms. Griffin had no right to sue for the wrongful death of Mrs. Huntsman where, as here, her own negligence was partially or totally the cause of Mrs. Huntsman's death, for she cannot sue herself.

Judge Belt agreed with Mrs. Graves' arguments. He held that Ms. Griffin was barred from bringing a claim for the death of her mother and that this in effect meant that there were no class (1) beneficiaries. The right to sue thus devolved to the only class (2) beneficiary, Mrs. Graves. He therefore denied Ms. Griffin's motion for summary judgment on Mrs. Graves' claims against her. He did permit Ms. Griffin's Third–Party Petition for contribution against Mr. Glaspie to stand.[1]

---

1. The court also granted Mr. Glaspie's motion to dismiss Mrs. Grave's direct claims against him.

Ms. Griffin then filed a Petition for a Writ of Prohibition with this Court, in which she claimed that Judge Belt exceeded his jurisdiction by allowing Ms. Graves to proceed with her wrongful death claim. This Court issued its Preliminary Writ in Prohibition on May 17, 1996.

## II. WRIT OF PROHIBITION AS APPROPRIATE REMEDY

A writ of prohibition is the proper remedy to prevent a lower court from acting beyond its jurisdiction. *State ex rel. Coyle v. O'Toole,* 914 S.W.2d 871, 872 (Mo.App.1996). It is not a substitute for a direct appeal, and will issue only where there is lack of jurisdiction and lack of an adequate remedy by appeal. *State ex rel. Riederer v. Mason,* 810 S.W.2d 541, 543 (Mo.App.1991). Nonetheless, "where unnecessary, inconvenient, and expensive litigation can be avoided, prohibition is the appropriate remedy." *State ex rel. Anheuser–Busch, Inc. v. Mummert,* 887 S.W.2d 736, 737 (Mo.App.1994). While it is unusual to issue a writ directing a court to *grant* summary judgment, such a writ is appropriate where the motion should have been granted because the other party has no cause of action as a matter of law. *State ex rel. Police Retirement Sys. v. Mummert,* 875 S.W.2d 553 (Mo. banc 1994). Here, if there is a class (1) beneficiary, then Mrs. Graves lacks capacity to sue. Such a lack is jurisdictional rather than procedural, and precludes suit. *Call v. Heard,* 925 S.W.2d 840 (Mo. banc 1996).

## III. MS. GRAVES IS EXCLUDED FROM BRINGING A WRONGFUL DEATH ACTION BECAUSE THERE IS AN EXISTING CLASS (1) BENEFICIARY

Relator Griffin seeks a writ of prohibition to prevent Judge Belt from enforcing his order of October 23, 1995, in which he denied Ms. Griffin's motion for partial summary judgment on Mrs. Graves' wrongful death claim against her for the death of relator's mother, Mrs. Huntsman. Relator alleges that Mrs. Graves is not entitled to bring a wrongful death action under the statute because relator, as the deceased's daughter, is an existing class (1) beneficiary, and thus has the sole right to bring the wrongful death action.

In Missouri, wrongful death actions are created by statute, and no cause of action for wrongful death existed at common law. *Sullivan v. Carlisle,* 851 S.W.2d 510 (Mo. banc 1993); *State ex rel. Jewish Hospital v. Buder,* 540 S.W.2d 100, 104 (Mo.App.1976). Missouri's Wrongful Death statute provides that when a person dies due to any act that would have entitled that person to recover damages if the person had survived, then the person who would have been liable if death had not resulted may be held liable for damages. § 537.080.1.[2]

The statute specifically states that only one action may be brought against any one defendant for the death of any one person. § 537.080.2. It also creates three categories, or classes, of persons who may bring a suit for wrongful death. In class (1) are the deceased's spouse, parents, children, and surviving lineal descendants. In class (2) are the deceased's siblings or their descendants. In class (3) is a plaintiff ad litem. *See* § 537.080.1.

The statute further provides that a person in class (2) may only sue if no one in class 1 is entitled to bring the action, stating:

(2) If there be no persons in class (1) entitled to bring the action, then [suit may be brought] by the brother or sister of the deceased, or their descendants ...

§ 537.080.1(2). The statute similarly provides that a person in class (3) may sue only if there is no one in classes (1) or (2) entitled to bring the action. *See* § 537.080.1(3).

Accordingly, to determine who is entitled to sue, one must first determine whether there are any members of a higher priority category who are entitled to bring the action, for "a person in any authorized category may bring a wrongful death suit only if there are no persons in a prior category *'entitled to bring the action.'"* *Sims v. Arvin Indus-*

Nothing in the record or briefs filed in this Court explains the basis for this ruling.

2. Unless otherwise indicated, all statutory references are to RSMo 1994.

*tries,* 770 S.W.2d 711, 712 (Mo.App.1989) (emphasis added). *See also Schiles v. Gaertner,* 659 S.W.2d 791, 793 (Mo.App.1983).

Here, all concede that Ms. Griffin is the deceased's daughter, that a daughter is normally a class (1) beneficiary, that a sister such as Mrs. Graves is a class (2) beneficiary, and that as a class 2 beneficiary Mrs. Graves has no right to sue under the statute if Ms. Griffin qualifies as a class (1) beneficiary entitled to bring the action. Our Supreme Court recently reaffirmed this principle in *Call v. Heard,* 925 S.W.2d at 850.

The dispute in this case centers on whether Judge Belt was correct in ruling that Ms. Griffin is not "entitled to bring the action" because she is wholly or partially responsible for the death of the deceased.[3] In support, Judge Belt cited *Strycharz v. Barlow,* 904 S.W.2d 419 (Mo.App.1995). In *Strycharz,* the Eastern District of the Court of Appeals, citing the Wrongful Death statute, affirmed the trial court's dismissal of Mrs. Dudkowski's wrongful death action against the defendant ad litem because the *decedent's* own negligence caused the accident. *Strycharz* was simply an application of the settled principle that the fault of the decedent may be assessed against the beneficiaries. *Strycharz* is not applicable here, however, because there is no allegation that the accident was caused by the negligence of the deceased, Mrs. Huntsman. Instead, Mrs. Graves has alleged that it is the negligence of the class (1) beneficiary, Ms. Griffin, which caused or contributed to cause the accident.

■ Contrary to Judge Belt's ruling, we find that under Missouri law the fact that a beneficiary is or may be partially at fault for the decedent's death does not preclude that beneficiary from bringing a wrongful death action against others who also may be partially responsible for the decedent's death. The most recent Supreme Court case on point is *Teeter v. Missouri Highway and Transp. Comm'n,* 891 S.W.2d 817 (Mo. banc 1995). In *Teeter,* Ashley Teeter was killed in a collision between a car driven by her mother, Mrs. Teeter, and a car driven by Diana Hurlbut. Mrs. Teeter, as a class (1) beneficiary, sued Ms. Hurlbut and the Missouri Highway and Transportation Commission (MHTC) for the wrongful death of her daughter. Mrs. Teeter's former husband, also a class (1) beneficiary, intervened and alleged that Mrs. Teeter, as well as the original defendants, was partially at fault in causing Ashley's death. Ms. Hurlbut settled. The case went to the jury against MHTC and Mrs. Teeter in her capacity as tortfeasor. The jury determined that Mrs. Teeter was 90 percent at fault and the MHTC was 10 percent at fault.

Because Mrs. Teeter was both a tortfeasor and a class (1) beneficiary, the Court was faced with the question whether her negligence should be imputed to the other class (1) beneficiaries and used to reduce their recovery under the principles of comparative fault. *Teeter* held that comparative fault could not apply in a situation in which there is more than one beneficiary entitled to recover, for the entire category of class (1) beneficiaries had a single, indivisible right of recovery. Rather, *Teeter* held, the class as a whole should be permitted to recover all of the damages found by the jury. Under Section 537.095.3, the court will then divide the damages among all of the class members, including the negligent beneficiary, according to their loss. In fact, in *Teeter* the negligent beneficiary, who was the deceased's mother, was apportioned 70 percent of the damages in her capacity as the deceased's mother because of her closeness to her daughter.

*Teeter* held that this approach would not result in a windfall to the tortfeasor beneficiary because the MHTC could bring a claim for contribution among joint tortfeasors against the negligent beneficiary in her capacity as tortfeasor. Rather than limiting the liability of the other tortfeasor or precluding full recovery by the non-negligent beneficiaries, the mother's negligence thus simply becomes a basis for contribution

---

**3.** Judge Belt also raises the policy issue of whether a person in class (2) could bring suit under the Wrongful Death statute if the only person in class (1) is barred from recovery because that person murdered the decedent. We need not answer that question, however, for that is not the situation before this court. Here, the question is whether a person in class (2) can sue where the only class (1) beneficiary is partially or totally at fault.

among tortfeasors. In so holding, *Teeter* necessarily recognized that even a negligent beneficiary has a right to sue under the wrongful death act.

■ Of course, in *Teeter*, the mother was only partially at fault. In this case, Mrs. Graves alleges that relator was either partially or wholly at fault for the death of her mother. We do not think this requires a different result, however. We cannot preclude a class (1) beneficiary such as Ms. Griffin from bringing a wrongful death action simply because another party claims that the plaintiff-beneficiary is herself wholly at fault for the accident. Most basically, the other party may be wrong. It may be that Ms. Griffin is not at fault at all, or is only partially at fault. That is a matter for the jury to determine on the basis of the facts adduced at trial.

In any event, the possibility that Ms. Griffin will not be entitled to *recover* from the other driver cannot be used to support a claim that she is not entitled to *bring the action* in the first instance. In other words, whether one can actually prove liability is matter of evidence; but the possibility of an adverse verdict cannot retroactively be used to deny a right of suit in the first instance.

This is the approach taken by the Eastern District in *Clark v. Sears, Roebuck & Co.,* 731 S.W.2d 469, 473 (Mo.App.1987). In *Clark,* the plaintiff's daughter died in a fire that the plaintiff claimed was caused by a defective electric space heater. The plaintiff brought an action for wrongful death against the manufacturer and retailer of the heater. The jury found that plaintiff was 100 percent at fault for improperly splicing the heater's cord.

On appeal, the plaintiff claimed that the trial court had erred by giving a comparative fault instruction because the negligence of a beneficiary is not a defense to a wrongful death action. The Eastern District disagreed, stating:

> Moreover, where, as here, a parent brings an action in her own name for the wrongful death of her infant, the negligence of the parent that contributes to the casualty which produced the death can be assessed against the parent.

*Clark,* 731 S.W.2d at 473.

In other words, *Clark* recognized that the fault of the plaintiff-beneficiaries did not bar them from being entitled to bring a wrongful death action, but rather was simply a matter for the jury to consider in determining the fault of the parties. This was true even though the plaintiff-beneficiaries were ultimately determined to be 100 percent at fault.

The principles set out in these cases are directly applicable here. Under *Teeter*, the mere fact that relator may be partially at fault for the decedent's death does not preclude her from recovering damages for that death; it simply makes her vulnerable to a claim for contribution from her co-tortfeasors. Under *Clark,* the mere fact that a jury may ultimately find that Ms. Griffin is wholly responsible for the accident does not retroactively deprive her of the right to bring the action in the first instance.

In so holding, we are aware of the fact that *Teeter* explicitly stated that its holding in that case did not concern, and the Court was not addressing "the applicability of comparative fault to a wrongful death action with one beneficiary." *Teeter,* 891 S.W.2d at 819 n. 4. We do not think that by this statement *Teeter* intended to suggest, as respondent now argues, that where there is a single beneficiary who is partially at fault, then that beneficiary is not entitled to bring a wrongful death action. Rather, the Court was simply declining to take a position on whether the non-beneficiary tortfeasor should be required to go through the motions of paying the full amount of any damage award to the negligent beneficiary and then suing the negligent beneficiary for contribution where the negligent beneficiary is the only person entitled to share in the award.

Here, unlike in *Teeter,* we have found that the sole person entitled to recover is the allegedly negligent beneficiary. As a result, in this case the court on remand will have to determine whether to apply comparative fault or to use the procedure set out in *Teeter* if, following trial, the jury determines that both Ms. Griffin and Mr. Glaspie are partially at fault for Mrs. Huntsman's death.

On these facts, we see no point in requiring the court and the parties to go through the procedure set out in *Teeter*. While it is the best available procedure for determining liability where the damage award must be apportioned between negligent and non-negligent beneficiaries, the same result would be reached in this case by simply applying normal comparative fault principles. We therefore do not put form over substance by requiring the parties to undertake procedural complexities unnecessary in this case.

 Finally, we note that we realize that the result in this case means that where the class (1) beneficiary is wholly or partially at fault, then recovery for the death of the decedent will be proportionately diminished, whereas if the class (2) beneficiary were also or alternatively permitted to sue, more extensive damages might be awarded. Our Supreme Court made it plain in *Call v. Heard*, however, that a class (2) beneficiary may not recover where a class (1) beneficiary is entitled to bring the action, even though this means that the class (2) beneficiary will not receive the damages which he or she in fact suffered as a result of the death of the decedent. *Call*, 925 S.W.2d at 851 (court should subtract damages awarded by jury to class (2) beneficiary as she had no right of action; court could not simply reapportion those damages to class (1) beneficiary as they represented the additional loss suffered by class (2) beneficiary).

The fact that this rule may lead to seemingly unfair results in some cases does not entitle us to ignore the plain meaning of the statute. If the legislature so desired, it could have provided that if a class (1) beneficiary is partly or wholly at fault, then a class (2) beneficiary could sue the class (1) beneficiary for that percentage of the fault. The legislature did not do so, however, and we will not engraft a remedy onto a cause of action. To the contrary, because the wrongful death cause of action did not exist at common law, the statute must be strictly construed. *State*

*ex rel. Jewish Hospital v. Buder*, 540 S.W.2d 100, 104 (Mo.App.1976).[4]

In sum, because Ms. Griffin is a class (1) beneficiary entitled to bring a wrongful death action, Ms. Graves, as a class (2) beneficiary, may not bring the action. The temporary writ of prohibition is made permanent.

All concur.

---

4. Respondent also argues that allowing Ms. Graves, a class (2) beneficiary, to sue Ms. Griffin would not violate the rule against a single cause of action for wrongful death because there would be only a single action against each defendant. There would still be two claims for wrongful death, however, brought by members of two different priority classes. That is not permitted under the statute. In addition, we note that in this case both Mrs. Graves and Ms. Griffin have sued Mr. Glaspie.